66 P.3d 230

**Wayne "Skip" & Kristine RUDD, individually and as administrators of the Estate of Derreck Rudd, and Daniel Rudd, a minor, Plaintiffs–Appellants,**

v.

**W. Davis MERRITT, III, M.D.; Saint Alphonsus Regional Medical Center; Edward A. Draper, M.D. And John Q. Knochel, M.D., Defendants–Respondents,**

and

**John Does I–V, Defendants.**

No. 27748.

Supreme Court of Idaho, Boise, January 2003 Term.

Feb. 26, 2003.

Dial, May & Rammell, Chtd, Pocatello, for appellants. Bron M. Rammell argued.

Brassey, Wetherell, Crawford & McCurdy, Boise, for respondent W. Davis Merritt, III, M.D. Andrew C. Brassey argued.

Givens Pursley, LLP., Boise, for respondent Saint Alphonsus Regional Medical Center. David R. Lombardi argued.

Moffatt, Thomas, Barrett, Rock & Fields, Boise, for respondent Edward A. Draper, M.D. Patricia M. Olsson argued.

Hall, Farley, Oberrecht & Blanton, Boise, for respondent John Q. Knochel, M.D. Richard E. Hall argued.

EISMANN, Justice.

This is an appeal from judgments dismissing this action as to all of the Defendants because of the failure of the Plaintiffs to serve the summons and complaint upon the Defendants within the six-month period required by Rule 4(a)(2) of the Idaho Rules of Civil Procedure. The district court held that the Plaintiffs had failed to show good cause for failing to serve the summons and complaint timely, and we affirm.

## I. FACTS AND PROCEDURAL HISTORY

The relevant facts in this case come from various affidavits, some of which are conflicting. On February 7, 2000, the Plaintiffs filed this action to recover damages against the Defendants on a claim of alleged medical malpractice that occurred two years earlier. On the same day, the Plaintiffs filed a request for a prelitigation screening panel pursuant to Idaho Code § 6–1001. Rule 4(a)(2) of the Idaho Rules of Civil Procedure re-quires that the summons and complaint be served upon defendants within six months after the filing of the lawsuit. In this case, that six-month period expired on August 7, 2000.

According to Plaintiffs' counsel Bron Rammell, in late July 2000 he asked his secretary to contact a process server in order to serve the Defendants in this action. In her affidavit, the secretary stated that on July 31, 2000, she contacted Tri–County Process Serving in Boise, Idaho, to arrange for service of the summons and complaint on the Defendants. The secretary said that on July 31, 2000, she contacted Andrew Brassey, counsel for respondent W. Davis Merritt, III, M.D.; John King, counsel for Saint Alphonsus Regional Medical Center; Patricia Olsson, counsel for Edward A. Draper, M.D.; and Richard Hall, counsel for respondent John Q. Knochel, M.D., and they each agreed to accept service of process on behalf of their respective clients. After the secretary's first affidavit was filed, Saint Alphonsus Regional Medical Center filed the affidavits of John King and his legal assistant in which they stated that John King had not talked with the secretary on July 31, 2000. The Plaintiffs then filed a supplemental affidavit of the secretary in which she said that she also talked with Mr. King on August 1, 2000, and he again agreed to accept service of process on behalf of the hospital.

Mr. Rammell's secretary stated that on August 1, 2000, she sent copies of the summons and complaint to Tri–County Process Serving for service upon all defendants, and that later on the same day she contacted Tri–County and cancelled that service, based upon all defense counsel having agreed to accept service of process on behalf of their clients. Richard Rambo, the owner of Tri–County Process Serving, stated by affidavit that his records show that on August 1, 2000, someone from Mr. Rammell's office called and asked that he serve complaints on all of the Defendants in this action and that later that day Mr. Rammell's secretary called and told him not to serve the Defendants because their respective counsel had agreed to accept service.

In her affidavit, Mr. Rammell's secretary asserted that on August 3, 2000, she mailed letters to all defense counsel enclosing copies of the summons and complaint and acknowledgements of service for them to sign and return. In September, the district court sent Mr. Rammell a notice, which apparently stated that the case would be dismissed for lack of activity.[1] The secretary stated that she then contacted defense counsel again to ask them to sign and return the acknowledgements of service.

Andrew Brassey stated in his affidavit that on August 1, 2000, someone at Mr. Rammell's office telephoned to inquire whether he would accept service of process on behalf of Dr. Merritt, and he agreed to do so. He did not receive any documents from Mr. Rammell's office until September 27, 2000, when he received by facsimile machine copies of a letter dated August 3, 2000, an acceptance of service form, the complaint, and a summons.

John King's legal assistant Anne Graham stated in her affidavit that on July 31, 2000, she received a telephone call from Mr. Rammell's secretary, who asked whether or not Mr. King would accept service of process on behalf of Saint Alphonsus Regional Medical Center. Ms. Graham responded that she would give Mr. King the message, but did not state that Mr. King would accept service. Mr. King averred in his affidavit that he had no recollection of speaking with Mr. Rammell's secretary on July 31, 2000. He also stated that during the over twenty-five years that he has represented St. Alphonsus Regional Medical Center, he always calls his client and its insurer and obtains their approval before agreeing to accept service, and that in this case he made those calls in late November or early December of 2000.

In her affidavit, Patricia Olsson stated that in August 2000, Mr. Rammell contacted her and asked whether she would accept service on behalf of Dr. Draper, and she agreed to do so. She did not receive the summons and complaint, however, until September 27, 2000. On that date Mr. Rammell's secretary called and asked Ms. Olsson's administrative assistant whether they had received the August 3rd letter, the acceptance of service, and the copies of the summons and complaint. When advised that Ms. Olsson's office had not received those items, the secretary then sent them by facsimile machine.

Richard Hall stated by affidavit that on September 27, 2000, Mr. Rammell's secretary called and asked whether he had received the letter dated August 3rd, 2000, together with the acknowledgement of service and the copies of the summons and complaint. When she was told that his office had not received those items, the secretary sent copies to Mr. Hall's office by facsimile machine. He said his office had no record of having received the August 3rd letter, nor did he or anyone in his office have any recollection or record of having had contact with anyone from Mr. Rammell's office on July 31, 2000.

On February 27, 2001, the Saint Alphonsus Regional Medical Center filed a motion to dismiss this action as to itself on the ground that it had not been served with the summons and complaint within six months after the filing of the complaint, as required by Rule 4(a)(2) of the Idaho Rules of Civil Procedure. On March 8, 2001, Dr. Knochel moved to dismiss this action as to himself for the same reason. Those motions were heard by the district court, and on July 19, 2001, the district court issued its decision and order granting the motions to dismiss. The district court found that the Plaintiffs had failed to show good cause for not serving these defendants timely.

On March 20, 2001, Dr. Draper filed his answer to the complaint, and on July 30, 2001, he filed a motion to dismiss this action as to himself because of the Plaintiffs' failure to serve the summons and complaint within six months after the filing of the complaint. On July 27, 2001, Dr. Merritt filed an answer, and on August 15, 2001, he also moved to

---

1. In their affidavits, Mr. Rammell and his secretary both refer to the notice as an "inactivity notice." The notice is not in the record on appeal. Under Rule 40(c) of the Idaho Rules of Civil Procedure, a court can dismiss a case in which for a period of six months no action has been taken or the summons has not been issued and served, but the court must first give notice to all counsel of record at least fourteen days before the dismissal to enable them to show good cause for retaining the case.

dismiss this action as to himself because of the lack of timely service of the summons and complaint. After hearing both motions, the district court on November 5, 2001, issued its decision and order in which it granted both motions to dismiss. The district court again found that the Plaintiffs had failed to show good cause for failing to timely serve process upon these defendants. The Plaintiffs then timely appealed.

## II. ISSUES ON APPEAL

A. Do Idaho Code §§ 6–1005 and 6–1006 toll the six-month period for service of the summons and complaint required by Rule 4(a)(2) of the Idaho Rules of Civil Procedure?

B. Did the Plaintiffs show good cause for failing to serve the summons and complaint upon each of the defendants within six months after the filing of the complaint?

C. Is any party entitled to an award of attorney fees on appeal?

## III. ANALYSIS

**A. Do Idaho Code §§ 6–1005 and 6–1006 Toll the Six–Month Period for Service of the Summons and Complaint Required by Rule 4(a)(2) of the Idaho Rules of Civil Procedure?**

In 1976 the Idaho legislature enacted statutes relating to the prelitigation screening of medical malpractice cases. IDAHO CODE §§ 6–1001 *et seq.* (1998). One of the declared purposes of the legislation was "to encourage nonlitigation resolution of claims against physicians and hospitals by providing for prelitigation screening of such claims by a hearing panel." Ch. 278, § 1, 1976 Idaho Sess. Laws 953. To accomplish that purpose, the legislation provided that prelitigation screening proceedings were "compulsory as a condition precedent to litigation," IDAHO CODE § 6–1001 (1998), and that "the applicable statute of limitations shall be tolled and not be deemed to run during the time that such a claim is pending before such panel and for thirty (30) days thereafter." IDAHO CODE § 6–1005 (1998). The legislation further provided: "During said thirty (30) day period neither party shall commence or prosecute litigation involving the issues submitted to the panel and the district or other courts having jurisdiction of any pending such claims shall stay proceedings in the interest of the conduct of such proceedings before the panel." IDAHO CODE § 6–1006 (1998). Because the statute of limitations is tolled during the period from the commencement of the prelitigation screening proceedings until thirty days after they are concluded, *James v. Buck*, 111 Idaho 708, 727 P.2d 1136 (1986), a party who claims to have been harmed by medical malpractice need not commence a lawsuit while the prelitigation screening proceedings are pending in order to avoid the running of the statute of limitations.

The Plaintiffs in the instant case chose to file their lawsuit on the same day they commenced the prelitigation screening proceedings. In *Moss v. Bjornson*, 115 Idaho 165, 765 P.2d 676 (1988), this Court held that a party allegedly harmed by medical malpractice could commence a civil lawsuit before filing a request for a prelitigation screening panel. Idaho Code § 6–1001 does not mandate the dismissal of a medical malpractice lawsuit because it is filed before the commencement of the prelitigation screening proceedings. Once the Plaintiffs filed this lawsuit, however, Rule 4(a)(2) required that they serve the summons and complaint upon the Defendants within six months after the complaint was filed. That rule provides:

> If a service of the summons and complaint is not made upon a defendant within six (6) months after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with 14 days notice to such party or upon motion.

The Plaintiffs contend that Idaho Code §§ 6–1005 and 6–1006 tolled the running of the six-month period within which the summons and complaint were required to be served.

Idaho Code § 6–1005 simply provides for

the tolling of the statute of limitations.[2] There is nothing in the wording of the statute that could be construed as tolling the running of the period within which the summons and complaint must be served after a lawsuit is filed. There is likewise nothing in Idaho Code § 6–1006 that tolls the running of the period within which the summons and complaint must be served. Although the statute authorizes the trial court to stay civil proceedings until the prelitigation screening panel renders its opinion, *Moss v. Bjornson,* 115 Idaho 165, 765 P.2d 676 (1988), the Plaintiffs in the instant case did not seek any such stay. We therefore need not decide whether a stay issued pursuant to Idaho Code § 6–1006 would justify failing to serve the summons and complaint while that stay was in effect.[3]

■ The Plaintiffs also contend that they served the summons and complaint upon all Defendants on August 3, 2000, when their attorney's secretary mailed an acceptance of service and copies of the summons and complaint to counsel for each of the Defendants. Plaintiffs rely upon Rule 5(b) of the Idaho Rules of Civil Procedure, which provides, in part, as follows: "Whenever under these rules service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney unless service upon the party is ordered by the court. . . . Service by mail is complete upon mailing." Plaintiffs argue that the prelitigation screening panel proceedings are an adjunct of the civil action they filed, that each of the Defendant's attorneys had appeared in the prelitigation proceedings, and

that Plaintiffs could therefore serve them by mail under Rule 5(b).

Prelitigation screening panel proceedings are not a civil lawsuit, nor are they an adjunct to a civil lawsuit. They are entirely separate proceedings. The prelitigation screening panel proceedings are informal and nonbinding, IDAHO CODE § 6–1001 (1998), the rules of evidence do not apply, *Id.,* no record is kept, IDAHO CODE § 6–1003 (1998), there is no cross-examination or rebuttal, IDAHO CODE § 6–1008 (1998), the proceedings are closed even to the parties except when they are presenting their own testimony and argument, *Id.,* and there is no judicial review or appeal of the panel's recommendations, IDAHO CODE § 6–1005 (1998). The proceedings are conducted entirely by the board of medicine. IDAHO CODE §§ 6–1001 & 6–1002 (1998). That the proceedings are totally separate from a civil lawsuit is further shown by the facts that they were established "for *prelitigation* consideration of personal injury and wrongful death claims for damages arising out of the provision of or alleged failure to provide hospital or medical care in the state of Idaho," IDAHO CODE § 6–1001 (1998) (emphasis added), and that during the thirty-day period after the proceedings have ended "neither party shall *commence . . . litigation* involving the issues submitted to the panel," IDAHO CODE § 6–1006 (1998) (emphasis added). Conversely, a civil action is commenced by filing a complaint with the court. IDAHO R. CIV. P. 3(a).

Rule 5(b) does not specify the manner for serving the summons and original complaint in a civil action. IDAHO R. CIV. P. 5(a). The manner in which the summons and original

---

2. The statute provides as follows:

    **6–1005. Tolling of limitation periods during pendency of proceedings.**—There shall be no judicial or other review or appeal of such matters. No party shall be obliged to comply with or otherwise [be] affected or prejudiced by the proposals, conclusions or suggestions of the panel or any member or segment thereof; however, in the interest of due consideration being given to such proceedings and in the interest of encouraging consideration of claims informally and without the necessity of litigation, the applicable statute of limitations shall be tolled and not be deemed to run during the time that such a claim is pending before such a panel and for thirty (30) days thereafter.

3. Idaho Code § 6–1006 also provides that neither party shall commence or prosecute litigation during the thirty-day period after the conclusion of the prelitigation screening proceedings. In this case, the six-month time period for service of the summons and complaint ended on August 7, 2000, and the screening panel filed its decision with the board of medicine on November 27, 2000. Because the period within which the summons and complaint must be served expired over three months before the commencement of the thirty-day period provided by § 6–1006, we need not decide what effect, if any, that provision in § 6–1006 has upon Rule 4(a)(2) of the Idaho Rules of Civil Procedure.

complaint in a civil action are to be served is specified in Rule 4(d) of the Idaho Rules of Civil Procedure. Subsection (6) of that rule provides, "In lieu of service upon an individual as provided above in this rule, service may be accomplished by an acknowledged written admission by the individual that the individual has received service of process, stating the capacity in which such service of process was received." It is the acknowledged written admission by the individual, not the mailing of that acknowledgement to the individual, that completes service of process. It is undisputed that before the expiration of the six-month period on August 7, 2000, no Defendant, nor any attorney for a Defendant, had executed an acknowledged written admission that he or she had received service of process. It is also undisputed that prior to the expiration of that time period, no Defendant was actually served with the summons and complaint in this action. Therefore, the Plaintiffs did not serve the summons and complaint upon any Defendant before the expiration of the six-month period required by Rule 4(a)(2) of the Idaho Rules of Civil Procedure.

**B. Did the Plaintiffs Show Good Cause for Failing to Serve the Summons and Complaint upon each of the Defendants within Six Months after the Filing of the Complaint?**

The Plaintiffs contend that they showed good cause for failing to serve the summons and complaint upon the Defendants within the required six-month period. Whether or not good cause exists is a factual determination. *Regjovich v. First W. Inv., Inc.*, 134 Idaho 154, 997 P.2d 615 (2000). The standard of review on appeal is the same as that for reviewing the granting of a motion for summary judgment. *Nerco Minerals Co. v. Morrison Knudsen Corp.*, 132 Idaho 531, 976 P.2d 457 (1999). This Court liberally construes the record in the light most favorable to the party opposing the motion, drawing all reasonable inferences and conclusions in that party's favor. *Id.*

First, the Plaintiffs argue that before the expiration of the six-month period all defense counsel agreed to accept service of process

on behalf of their respective clients. Assuming that to be true, such oral agreements did not accomplish service. Nowhere in Rule 4(d) of the Idaho Rules of Civil Procedure is there any provision stating that service is complete once a party, or his or her counsel, orally agrees to accept service. Once a person orally agrees to accept service, the plaintiff must then have the person execute an acknowledged written admission stating that the individual has received service of process and the capacity in which such service of process was received. IDAHO R. CIV. P. 4(d)(6). Service is accomplished by the execution of the acknowledgement of service, not by the oral agreement to execute that acknowledgement. In this case, acknowledgements of service were not executed before the expiration of the six-month period by any of the Defendants or their counsel. If there was evidence showing that any defense counsel received the acknowledgement form before the expiration of the six-month period and simply refused to execute it after previously agreeing to do so, then our decision regarding good cause may be different. There is no such evidence in this case, however.

Next, the Plaintiffs argue that they made diligent attempts to effect service before the expiration of the six-month period. In *Sammis v. Magnetek, Inc.*, 130 Idaho 342, 941 P.2d 314 (1997), this Court stated that when considering whether good cause has been shown, a court may consider a party's diligent efforts to effect service. The facts in this case, however, do not show diligent attempts to effect service before the expiration of the six-month period. The Plaintiffs waited until July 31, 2000, one week before the six-month period was due to expire, before making any attempt to effectuate service. Waiting five and three-fourths months before attempting to effect service does not show due diligence.

The Plaintiffs next contend that good cause is shown because they reasonably relied upon this Court's decision in *Moss v. Bjornson*, 115 Idaho 165, 765 P.2d 676 (1988). They state, "Relying on *Bjornson*, the Rudds concluded that serving their Summons and Complaints prior to the 'adjudication' by the

pre-litigation panel would be violative of the stay mandated by Idaho Code § 6–1006." This argument presented to justify Plaintiffs' inaction contradicts Plaintiffs' actions below. The prelitigation screening panel met regarding the Plaintiffs' claim on October 2, 2000, and it issued its advisory opinion on November 27, 2000. Even though the Plaintiffs argue that they thought attempting to serve the summons and complaint before the panel rendered its opinion would violate the stay mandated by § 6–1006, that is just what the Plaintiffs did. Before the panel even met, the Plaintiffs contacted defense counsel to arrange for service of the summons and complaint. Nevertheless, the *Bjornson* case does not even address the issue presented in this case. *Bjornson* did not involve the failure to serve the summons and complaint timely. It merely held that a trial court could, pursuant to Idaho Code § 6–1006, stay a civil lawsuit until the prelitigation screening panel renders its advisory opinion. In the instant case, the Plaintiffs did not seek any such stay from the district court.

Finally, the Plaintiffs argue that the Defendants waived the six-month requirement for service by participating in the prelitigation panel proceedings and then by participating in discovery in this litigation once their respective clients had been served. "Rule 4(a)(2) is couched in mandatory language, requiring dismissal where a party does not comply, absent a showing of good cause." *Sammis v. Magnetek, Inc.*, 130 Idaho 342, 347, 941 P.2d 314, 319 (1997). "When a rule is mandatory, rather than discretionary, the time at which dismissal is sought is irrelevant." *Telford v. Mart Produce, Inc.*, 130 Idaho 932, 935, 950 P.2d 1271, 1274 (1998). The Defendants' participation in discovery or other proceedings after the expiration of the six-month period does not constitute a waiver of their right to seek dismissal based upon the Plaintiffs' failure to serve the summons and complaint before the six-month period expired. Assuming that Defendants' conduct before the expiration of the six-month period could constitute a waiver of the mandatory provisions of Rule 4(a)(2), there is nothing in the record showing any conduct by Defendants that could reasonably be construed as waiving the requirements of the rule. In the *Telford* case we held that a defendant's prior knowledge of the plaintiff's claim did not constitute good cause for the plaintiff's failure to serve the summons and complaint within the six-month period. Likewise, a defendant's prior knowledge of the claim does not constitute a waiver of the mandatory requirement that the plaintiff serve the summons and complaint timely.

The Plaintiffs chose to file this lawsuit before the completion of the proceedings before the prelitigation screening panel. Having done so, they were required by Rule 4(a)(2) of the Idaho Rules of Civil Procedure to serve the summons and complaint upon the Defendants within six months. This Court first applied Rule 4(a)(2) in the *Sammis v. Magnetek* case. As stated by the district court in both of its orders, "[I]t has been abundantly clear for quite awhile [sic] that the Rule will be applied strictly." The district court correctly held that the Plaintiffs did not show good cause for failing to comply with the rule.

## C. Is any Party Entitled to an Award of Attorney Fees on Appeal?

All parties seek an award of attorney fees on appeal pursuant to Idaho Code § 12–121. Attorney fees under § 12–121 will be awarded to the prevailing party on appeal when this Court is left with the abiding belief that the appeal was brought, pursued, or defended frivolously, unreasonably or without foundation. *King v. King*, 137 Idaho 438, 50 P.3d 453 (2002). Because the Plaintiffs did not prevail on this appeal, they are not entitled to an award of attorney fees. *Id.* Because we do not view the Plaintiffs' entire appeal as having been brought frivolously, unreasonably, or without foundation, we decline to award attorney fees to the Defendants.

## IV. CONCLUSION

The orders of the district court dismissing this action as to all Defendants are affirmed. Costs on appeal, but not attorney fees, are awarded to the Defendants.

Chief Justice TROUT, and Justices SCHROEDER, WALTERS and KIDWELL concur.