# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 38070

KRISTEEN M. ELLIOTT, a single woman, )
) Boise, December 2011 Term
 Plaintiff-Appellant, )
) 2012 Opinion No. 2
v. )
) Filed: January 5, 2012
JOSEPH M. VERSKA, M.D., an individual; )
SPINE INSTITUTE OF IDAHO, P.A., a ) Stephen W. Kenyon, Clerk
professional corporation, )
)
 Defendants-Respondents, )
)
and )
)
ST. LUKE'S MERIDIAN MEDICAL )
CENTER, aka ST. LUKE'S, an Idaho )
corporation; HOWMEDICA )
ORTHOPAEDICS; STRYKER; and JANE )
and JOHN DOES I through X, )
)
 Defendants. )
)

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County. The Hon. Ronald J. Wilper, District Judge.

The judgment of the district court is affirmed.

Eric B. Swartz, Jones & Swartz PLLC, Boise, argued for appellant.

Portia L. Rauer; Powers Tolman, PLLC, Boise; argued for respondents.

---

EISMANN, Justice.

This is an appeal from a partial judgment dismissing this action as to two defendants on the ground that they had not been served with process within six months of the date that the complaint was filed as required by Idaho Rule of Civil Procedure 4(a)(2). We affirm the judgment of the district court.

# I.

## Factual Background

In October 2007, Joseph M. Verska, M.D., performed two back surgeries upon Kristeen M. Elliott (Plaintiff). On November 28, 2008, Plaintiff hired attorney Thomas G. Maile, IV, to handle a malpractice claim against Dr. Verska. Mr. Maile filed a request for a prelitigation screening panel[1] with respect to the alleged malpractice and represented Plaintiff before the panel. He also prepared a complaint that Plaintiff filed pro se on October 5, 2009. The defendants named in the complaint were Dr. Verska, St. Luke's Meridian Medical Center, and the Spine Institute of Idaho, P.A., (Spine Institute). Mr. Maile ceased representing Plaintiff on November 2, 2009.

On November 13, 2009, Plaintiff filed an amended complaint pro se. That complaint named as additional defendants Howmedica Osteonics, Corp., and an individual identified as Stryker. In November, 2009, attorney Eric B. Swartz began investigating the case to see whether he would represent Plaintiff. During that investigation he had discussions in December of 2009 and January, February, and March of 2010 with the additional defendants named in the amended complaint.

On March 26, 2010, Mr. Swartz and Mark D. Kamitomo, an attorney practicing in the state of Washington, agreed to represent Plaintiff in this action. On that date, Mr. Kamitomo telephoned Raymond D. Powers to see whether he would accept service on behalf of Dr. Verska. Mr. Powers stated that he was not authorized to do so.

On March 30, 2010, Mssrs. Swartz and Kamitomo filed a notice of appearance on behalf of the Plaintiff. On that date, new summonses were issued, one directed to the Spine Institute and another to Dr. Verska.

On March 31, 2010, Andrew Remm, an employee of Jones & Swartz, PLLC, arrived at the office of the Spine Institute of Idaho, P.A., to serve Nickolas Russell, the registered agent for the Spine Institute, and Dr. Verska. He gave the receptionist, Tina McLeod, documents including copies of the newly issued summonses and two copies of the amended complaint, and, after a brief discussion, he left. Ms. McLeod, who was an employee of the Spine Institute, put

---

[1] See Idaho Code sections 6-1001 through 6-1013.

the documents in Mr. Russell's in-box. He was also an employee of the Spine Institute and its administrator. He found the documents in his in-box later that day.

On April 5, 2010, Plaintiff filed affidavits of service by Mr. Remm. He stated that on March 31, 2010, he served Ms. McLeod, who was "a person authorized to accept service on behalf of JOSEPH M. VERSKA, M.D." and "a person authorized to accept service on behalf of Nickolas Russell, the Registered Agent for SPINE INSTITUTE OF IDAHO, P.A."

On April 20, 2010, Dr. Verska and the Spine Institute (Defendants) filed a motion to dismiss the action as to them on the ground of insufficiency of service of process. They supported the motion with affidavits of Mr. Russell, Dr. Verska, and Ms. McLeod. The affidavits stated that Ms. McLeod was not authorized to accept service of process on behalf of Mr. Russell, either personally or as the registered agent of the Spine Institute, or on behalf of Dr. Verska.

Plaintiff then served Dr. Verska on April 21, 2010, and Mr. Russell, as registered agent of the Spine Institute, on April 22, 2010. Affidavits of that service were filed on April 23, 2010.

On May 10, 2010, Plaintiff filed her affidavit and the affidavit of Mr. Remm, in which he stated that Ms. McLeod had told him she was authorized to accept service on behalf of Defendants. On May 13, 2010, Defendants filed a reply memorandum in which they raised the issue that the action should be dismissed as to Defendants pursuant to Rule 4(a)(2) because they were not served within six months of the filing of the complaint.

The affidavits of Ms. McLeod and Mr. Remm were conflicting as to what occurred on March 31, 2010. On May 17, 2010, the district court held an evidentiary hearing at which Ms. McLeod, Mr. Russell, and Mr. Remm testified.

Ms. McLeod testified that on March 31, 2010, a man came into the office of the Spine Institute, walked up to the counter where she was working, and laid some papers on it. She asked what they were, and he said they were a complaint against Dr. Verska. She looked at the papers and saw Mr. Russell's name on the top one. The man asked for her name, she gave it to him, and he left. She then put the papers in Mr. Russell's in-box. She also said that the man did not ask her any other questions and did not ask to see either Dr. Verska or Mr. Russell.

Mr. Remm testified that he was employed as a runner by Plaintiff's counsel; that on March 31, 2010, he walked into the Spine Institute; and he approached the woman at the front desk and asked if Dr. Verska and Mr. Russell were there. She asked why he wanted to see them,

and he answered that he had a summons and complaint to serve upon them. She asked to see the documents, and he laid them on the countertop. She looked at them and said she could deliver them. He asked if she was authorized to accept service on behalf of Mr. Russell and Dr. Verska, and she answered that she was. He asked for her name and the correct spelling, and then left.

The district court found that the scenarios as testified to by Mr. Remm and Ms. McLeod were equally plausible and that Plaintiff had therefore not met her burden of proving that Ms. McLeod was an authorized agent of either Dr. Verska or Mr. Russell for service of process. The court found "that service upon Defendant Verska was not effectuated on March 31, 2010," and "that service upon Defendant Spine Institute was not effectuated on March 31, 2010." The court also determined that service was required within six months of the filing of the complaint, not within six months of the filing of the amended complaint; that service was not accomplished within that six-month period; and that Plaintiff had failed to meet her burden of showing good cause for the failure to serve Defendants timely. The court therefore entered a judgment dismissing this action as to Defendants. It also certified the judgment as final pursuant to Rule 54(b) of the Idaho Rules of Civil Procedure, and Plaintiff timely appealed.

## II.

### The District Court's Finding that Defendants Were Not Served on March 31, 2010, Is Supported by Substantial and Competent Evidence.

**A. Standard of Review.** Plaintiff contends that the district court applied the wrong standard of review in determining that Defendants had not been served on March 31, 2010, and that there was no good cause shown for the failure to serve them within six months after the complaint was filed. Quoting from *Sammis v. Magnetek, Inc*., 130 Idaho 342, 941 P.2d 314 (1997), she states, "The District Court 'must liberally construe the record in the light most favorable to the nonmoving party and must draw all reasonable inferences in that party's favor.'" She asserts, "Construing all of these facts in a light most favorable to Ms. Elliott, while drawing all reasonable inferences in [Plaintiff's] favor, the conclusion as to whether service on Dr. Verska and Spine Institute through their agent, Ms. McLeod, was effective must be answered in the affirmative for the purposes of ruling on Dr. Verska and Spine Institute's motion."

4

In *Sammis*, we applied the summary judgment standard of review to the determination of good cause under Rule 4(a)(2) of the Idaho Rules of Civil Procedure for failure to serve the summons and complaint within six months. We reasoned as follows:

> Although we have not previously articulated the standard of review applicable to cases involving this rule, it is clear that the determination of whether good cause exists is a factual one. Because this is a factual determination, the appropriate standard of review is the same as that used to review an order granting summary judgment. Thus, when reviewing the trial court's decision that the Sammises failed to establish good cause under the rule, we must liberally construe the record in the light most favorable to the nonmoving party and must draw all reasonable inferences in that party's favor.

*Id*. at 346, 941 P.2d at 318 (citations omitted).

Unlike *Sammis*, here the district court held an evidentiary hearing at which the parties presented oral testimony. The court had the opportunity to observe the witnesses' demeanors while testifying, to assess their credibility, and to detect prejudice or motive. Therefore, we do not apply the summary judgment standard of review. Rather, the standard of review is that we will draw all reasonable inferences in favor of the court's judgment. *Idaho Dept. of Health & Welfare v. Doe*, 150 Idaho 36, ___, 244 P.3d 180, 185 (2010). A trial court's findings of fact will not be set aside on appeal unless they are clearly erroneous. *Camp v. East Fork Ditch Co., Ltd*., 137 Idaho 850, 856, 55 P.3d 304, 310 (2002). On appeal, this Court examines the record to see if challenged findings of fact are supported by substantial and competent evidence. *Id*. Evidence is regarded as substantial if a reasonable trier of fact would accept it and rely upon it in determining whether a disputed point of fact has been proven. *Id*.

**B. Analysis.** Service can be accomplished upon an individual "by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process." Idaho R. Civ. P. 4(d)(2). Plaintiff contended that Ms. McLeod, an employee of the Spine Center, was authorized as an agent to accept service on behalf of Dr. Verska. The district court found that "Plaintiff has not met her burden to establish that Ms. McLeod was an authorized agent for service of process for Defendant Verska." That finding is supported by substantial and competence evidence.

The only basis for contending that Ms. McLeod had authority to accept service of process on behalf of Dr. Verska is her alleged out-of-court statement to Mr. Remm that she had

that authority. It is undisputed that Ms. McLeod had not been appointed to accept service of process for Dr. Verska. Her alleged out-of-court statement was insufficient to make her an authorized agent for service of process for him.

Because it is uncontroverted that she did not have the actual authority to accept service on behalf of Dr. Verska, the only issue is whether her alleged statement would create apparent authority for her to do so. "Apparent authority is created when a principal voluntarily places an agent in such a position that a reasonable person, conversant with the business usages and nature of the particular business, is justified in believing that the agent is acting pursuant to existing authority." *Brown v. Caldwell School Dist. No. 132*, 127 Idaho 112, 117, 898 P.2d 43, 48 (1995). "However, apparent authority cannot be created by the acts or statements of the alleged agent alone." *Id*. Ms. McLeod's alleged statement that she was authorized to accept service is not sufficient, by itself, to make her an agent for acceptance of service on behalf of Dr. Verska.

Service can be accomplished upon a corporation "by delivering a copy of the summons and complaint to an officer, managing or general agent, or to any other agent authorized by appointment or by statute of this state to receive service of process." Idaho R. Civ. P. 4(d)(4). The district court found that "Plaintiff has not met her burden to establish that Ms. McLeod was an authorized agent for service of process for Defendant Spine Institute." That finding is supported by substantial and competent evidence.

Although Ms. McLeod was an employee of the Spine Institute, it is undisputed that she was not an officer, managing agent, or general agent of the corporation. It is also undisputed that the Spine Institute did not authorize her to accept service on its behalf, nor did Mr. Russell authorize her to accept service on his behalf in his capacity as the registered agent of the Spine Institute. The asserted basis for her authority to accept service on behalf of the Spine Institute was her alleged out-of-court statement that she was authorized to do so. As explained above, that was not sufficient to create apparent authority to accept service on behalf of the Spine Institute.

It does not matter that Mr. Russell testified that on March 31, 2010, he found copies of the summons directed to the Spine Institute and the amended complaint in his in-box. His doing so would not constitute delivery of the summons and complaint to him. In *Campbell v. Reagan*, 144 Idaho 254, 159 P.3d 891 (2007), the plaintiff mailed a copies of the summons and complaint to the defendant the day after filing the complaint, but then failed to serve him within six months.

6

In upholding the dismissal for the failure to timely serve the defendant, we stated, "The fact that [defendant] informally received a copy of the summons and complaint, hired an attorney, and communicated with [plaintiff] on several occasions, does not negate the fact that [plaintiff] did not make any attempt to properly serve [defendant] during the six months following the filing of the complaint." *Id*. at 257, 159 P.3d at 894.

Plaintiff argues that she need not have complied with Rules 4(d)(2) and 4(d)(4) of the Idaho Rules of Civil Procedure as long as there is compliance with constitutional due process requirements. She states that the question is not whether there was strict compliance with those rules. Instead, she asserts, "The question is whether the service of process being challenged for not strictly complying with Idaho Rules of Civil Procedure 4(d)(2) and 4(d)(4), nonetheless satisfies constitutional due process requirements." She cites *Herrera v. Estay*, 146 Idaho 674, 201 P.3d 647 (2009), in support of that assertion. According to her, "[I]t is irrefutable that service through Dr. Verska [sic] and Spine Institute's agent, Ms. McLeod, satisfies constitutional due process requirements for service of process as outlined by Idaho law."

We have not held that noncompliance with Rules (4)(d)(2) and 4(d)(4) are excused as long as the requirements of due process are met. In *Herrera*, the plaintiff sought to serve a defendant by publication. Idaho Rule of Civil Procedure 4(e)(1) provides, "Whenever the summons, notice or order is served by publication it shall contain in general terms a statement of the nature of the grounds of the claim, and copies of the summons and complaint shall be mailed to the last known address most likely to give notice to the party."

Rule 4(b) contains three forms of summonses. Rule 4(b)(3) provides, "Where service is to be made by publication, the Summons to be published shall be substantially as follows: . . . ." We held that the form of summons set forth in Rule 4(b)(3) complies with due process requirements, *Herrera*, 146 Idaho at 682, 201 P.3d at 655, which we stated were as follows:

> notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information . . . , and it must afford a reasonable time for those interested to make their appearance.

*Id*. at 681, 201 P.3d at 654 (quoting *Mullane v. Central Hanover Bank & Trust Co*., 339 U.S. 306, 314 (1950)).

In *Herrera*, the plaintiff did not use the form of summons for service by publication. Instead, he used the form set forth in Rule 4(b)(2), which is to be used when the defendant is also simultaneously served with a copy of the complaint. We identified the issue as follows: "The district court's decision to dismiss this action requires a preliminary consideration of the constitutional dimensions of the rules governing service of process and the *form* of that process." *Id*. (emphasis added). Thus, the issue was whether the *form* of summons used included the information required to satisfy due process. We concluded that the form of summons used by the plaintiff did not provide that information. *Id*. at 683, 201 P.3d at 656.

We did not hold that the manner of serving process required by Rule 4 can be ignored as long as the defendant in some way receives such notice of the pending lawsuit as would satisfy the requirements of due process. In fact, we held in *Campbell* that receiving a copy of the summons and complaint in the mail, which would obviously meet the requirements of due process, did not constitute service of the summons and complaint. We stated: "[T]he sole consequence of [the defendant's] receipt of [the plaintiff's] letter was to put him on notice that a claim had been filed against him. . . . *Telford* [*v. Mart Produce, Inc.*, 130 Idaho 932, 935, 950 P.2d 1271, 1274 (1998)] stands for the proposition that such notice will not excuse a plaintiff's failure to timely serve process." *Id*. at 257, 159 P.3d at 894.

**IV.**

**The District Court Correctly Determined that the Relevant Time for Service Was**

**the Six Months Following the First Filing of a Complaint Naming Defendants.**

Rule 4(a)(2) of the Idaho Rules of Civil Procedure requires service of the summons and complaint within six months of the filing of the complaint. It states:

> If a service of the summons and complaint is not made upon a defendant within six (6) months after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with 14 days [sic] notice to such party or upon motion.

Idaho R. Civ. P. 4(a)(2).

Plaintiff filed the complaint in this action on October 5, 2009, naming Dr. Verska and the Spine Institute as defendants. She later filed an amended complaint on November 13, 2009,

8

naming additional defendants. The district court held that with respect to Defendants, the six-month time period for serving the summons and complaint under Rule 4(a)(2) began to run upon the filing of the initial complaint because they were named as defendants in that complaint.

Plaintiff contends that the time period began on November 13, 2009, the date she filed the amended complaint. She relies on our statement in *Sammis v. Magnetek*, *Inc.,* 130 Idaho 342, 347, 941 P.2d 314, 319 (1997), that "[t]he relevant period of time on which to focus is the six months following the filing of the amended complaint-March 18 through September 18, 1994." That statement must be read in the context of the facts in that case.

The plaintiffs in *Sammis* filed a complaint on March 18, 1993, to recover damages for the destruction of their home by fire. One year later on March 18, 1994, they filed an amended complaint adding five additional defendants. Four of the defendants added when the amended complaint was filed then were dismissed from the action for the failure of the plaintiffs to serve them within six months of the filing of the amended complaint. As we stated: "The relevant time period to consider is March 18 through September 18, 1994. The four respondents at issue (Gould, Cadet, IPC, and Pink's) were named in the Sammises' amended complaint." *Id*. at 348, 941 P.2d at 320. In the instant case, Defendants were named in Plaintiff's initial complaint. They were not named for the first time in Plaintiff's amended complaint.

Plaintiff also argues that since an amended complaint takes the place of the initial complaint, the rule must refer only to the existing complaint, which would be the amended complaint. Although for the purposes of alleging the claims at issue, an amended complaint supersedes the original complaint, *Weinstein v. Prudential Property and Cas. Ins. Co.*, 149 Idaho 299, 330, 233 P.3d 1221, 1252 (2010), the issue here is not what claims were alleged in the original or amended complaint. The issue is the time within which service must be completed. Plaintiff's proposed construction would eviscerate the rule. A plaintiff could file a complaint and, without serving the defendant(s), wait until long after the six-month period expired and file an amended complaint to restart the running of that period. The purpose of Rule 4(a)(2) is to require the plaintiff to promptly serve the defendant(s). The six-month period commences running upon the first filing of a complaint naming as a defendant the party who raises the issue of untimely service.

**V.**

**Where Service Is Not Accomplished with the Time Period Specified in Rule 4(a)(2),**

**Dismissal Is Mandatory Unless Good Cause is Shown.**

Plaintiff alleges, "The District Court abused its discretion in dismissing the Amended Complaint against Dr. Verska and Spine Institute instead of quashing the alleged insufficient service of process without dismissing the action under circumstances where substitute service of process (the sufficiency of which is not being challenged) had already been completed." The district court did not dismiss this action for insufficiency of service of process. It dismissed the action for the failure to serve the summons and complaint within the six-month time period required by Rule 4(a)(2). The trial court had no discretion to quash service of process rather than to dismiss the action as to Defendants. "Rule 4(a)(2) is couched in mandatory language, requiring dismissal where a party does not comply, absent a showing of good cause." *Sammis v. Magnetek, Inc.,* 130 Idaho 342, 347, 941 P.2d 314, 319 (1997).

**VI.**

**The Plaintiff Failed to Show Good Cause for Failing to Serve Defendants**

**Within Six Months After Filing the Complaint.**

Dismissal is not required under Rule 4(a)(2) if there is good cause for the failure to serve a defendant within the six-month period. The district court found that Plaintiff had not met her burden of establishing good cause for the failure to serve Defendants within six months of filing the complaint. Plaintiff challenges that finding on appeal.

**A. Standard of review.** Plaintiff contends that the standard for determining whether good cause has been shown is the same standard we apply to summary judgment. Plaintiff relies upon our statement in *Sammis* that "[b]ecause [good cause] is a factual determination, the appropriate standard of review is the same as that used to review an order granting summary judgment." *Id.* at 346, 941 P.2d at 318. However, in this case the district court conducted an evidentiary hearing regarding the disputed facts concerning good cause. Therefore, as stated above, the standard of review is whether the trial court's findings are clearly erroneous.

**B. Irrelevant factors.** This court has held that there are various facts that do not constitute good cause for failing to serve the summons and complaint within the six-month time period required by Rule 4(a)(2). They include the following.

*Pro se status*. In this case, Plaintiff was pro se from the date she filed the complaint on October 5, 2009, until March 30, 2010, when Mssrs. Swartz and Kamitomo filed a notice of appearance on her behalf. The record does not reflect whether Mr. Maile, who drafted the pro se complaint for her, advised her that she must serve the summons and complaint within six months of filing the complaint. Likewise, the record does not reflect whether Mr. Swartz, who reviewed Plaintiff's case for about five months before agreeing to represent her on March 26, 2010, ever advised her that she must serve the summons and complaint within that six-month period. However, that does not matter. "Pro se status does not excuse parties from adhering to procedural rules, even though they may be unaware of such requirements." *Id*.

*Time bar if dismissed*. It appears that Plaintiff's claim against Defendants would be barred by the statute of limitations. In *Sammis* we held that "the running of the statute of limitations and the subsequent time-bar to refiling the action is not a factor to be considered in determining whether good cause exists under Rule 4(a)(2)." *Id*. at 347, 941 P.2d at 319.

*Lack of prejudice to defendant(s)*. In *Sammis* we held that "[b]y its terms, however, Rule 4(a)(2) imposes the burden of preventing dismissal for violation of the rule upon the party who failed to effect timely service-here, the Sammises. In addition, the rule's language renders a consideration of prejudice to the defendants irrelevant to good cause determinations." *Id*. at 348, 941 P.2d at 320.

*Settlement negotiations*. Ongoing settlement negotiations during the six-month period are not, by themselves, relevant to a finding of good cause. As we held in *Martin v. Hoblit*, "[S]ettlement negotiations between the parties do not provide justification for delay of service and do not in and of themselves constitute good cause for non-compliance with Rule 4(a)(2)." 133 Idaho 372, 377, 987 P.2d 284, 289 (1999).

*Defendant's knowledge of the pending litigation*. In *Campbell v. Reagan*, the plaintiff mailed a copy of the summons and complaint to the defendant the day after filing the complaint, but did not serve the complaint within the six-month period required by Rule 4(a)(2). We held: "That [the plaintiff] mailed [the defendant] a copy of the summons and complaint will not establish good cause for her delay in serving him with process. . . . *Telford* [*v. Mart Produce, Inc.*, 130 Idaho 932, 935, 950 P.2d 1271, 1274 (1998)] stands for the proposition that such notice will not excuse a plaintiff's failure to timely serve process." 144 Idaho at 257, 159 P.3d at 894.

11

*Pending proceedings before the prelitigation screening panel.* A request for a prelitigation screening panel provided by the Idaho State Board of Medicine is a condition precedent to litigation against a physician or surgeon practicing in this state or against a licensed acute care hospital operating in the state if the claim is for damages based upon alleged malpractice. I.C. § 6-1001. The panel's decision is merely advisory. "[W]hile filing with the screening panel is a condition precedent to *proceeding* with district court litigation, such as filing interrogatories or setting trial dates, it is not a condition precedent to filing an action in order to toll the statute of limitations." *Moss v. Bjornson*, 115 Idaho 165, 167, 765 P.2d 676, 678 (1988). It is not essential that the plaintiff file such medical malpractice action prior to the completion of proceedings before the screening panel in order to avoid the bar of the statute of limitations because "the statute of limitations is tolled upon the filing of a request for a prelitigation screening panel, during the time the claim is pending before the panel, and for thirty days thereafter." *Conway v. Sonntag*, 141 Idaho 144, 146, 106 P.3d 470, 472 (2005).

In the instant case, Mr. Maile, as attorney for Plaintiff, filed a request for a prelitigation screening panel on April 28, 2009. He argued Plaintiff's case before the panel on October 23, 2009, and the panel issued its decision on October 27, 2009. Those proceedings are irrelevant to good cause. As we held in *Rudd v. Merritt*, 138 Idaho 526, 533, 66 P.3d 230, 237 (2003), "The Plaintiffs chose to file this lawsuit before the completion of the proceedings before the prelitigation screening panel. Having done so, they were required by Rule 4(a)(2) of the Idaho Rules of Civil Procedure to serve the summons and complaint upon the Defendants within six months." We have never held that service of process cannot be accomplished while a matter is pending before the prelitigation screening panel.

*Timing of the motion to dismiss under Rule 4(a)(2).* Whether or not the defendant promptly moves for dismissal under Rule 4(a)(2) is irrelevant to the issue of good cause for the plaintiff's failure to comply with that rule. In *Telford*, the defendant waited four months after being served with the summons and complaint before moving to dismiss the action pursuant to Rule 4(a)(2). We held that "[w]hen a rule is mandatory, rather than discretionary, the time at which dismissal is sought is irrelevant." 130 Idaho at 935, 950 P.2d at 1274. Likewise, in *Rudd*, we held, "The Defendants' participation in discovery or other proceedings after the expiration of the six-month period does not constitute a waiver of their right to seek dismissal based upon the

12

Plaintiffs' failure to serve the summons and complaint before the six-month period expired." 138 Idaho at 533, 66 P.3d at 237.

**C. Good cause analysis.** "[T]he determination of whether good cause exists is a factual one." *Sammis v. Magnetek*, *Inc.,* 130 Idaho 342, 346, 941 P.2d 314, 318 (1997). "The burden is on the party who failed to effect timely service to demonstrate good cause." *Martin v. Hoblit*, 133 Idaho 372, 375, 987 P.2d 284, 287 (1999). When deciding whether there was good cause, the court "must, considering the totality of the circumstances, determine whether the plaintiff had a legitimate reason for not serving the defendant with a copy of the state complaint during the relevant time period." *Nerco Minerals Co. v Morrison Knudsen Corp.*, 132 Idaho 531, 534, 976 P.2d 457, 460 (1999). "Courts look to factors outside of the plaintiff's control including sudden illness, natural catastrophe, or evasion of service of process." *Harrison v. Bd. of Prof'l Discipline of Idaho State Bd. of Med.*, 145 Idaho 179, 183, 177 P.3d 393, 397 (2008). In deciding whether there were circumstances beyond the plaintiff's control that justified the failure to serve the summons and complaint within the six-month period, the court must consider whether the plaintiff made diligent efforts to comply with the time restraints imposed by Rule 4(a)(2). *Martin*, 133 Idaho at 377, 987 P.2d at 289.

In *Martin*, after filing their complaint the plaintiffs engaged in settlement negotiations with the adjuster for the defendant's liability insurer. "Eleven days before the [six-month] deadline, the [plaintiffs'] counsel delivered the complaint and summons to the sheriff for personal service on [the defendant]; however, service was not effectuated because [the defendant] had removed himself from the state of Idaho." *Id.* The plaintiffs' counsel then learned that the defendant had moved to the State of Washington, but he was unable to have the defendant served before the six-month deadline.

The defendant's relocation to the State of Washington was certainly something beyond the plaintiffs' control. However, it did not constitute good cause for failing to serve the defendant within the six-month period required by Rule 4(a)(2) because of the lack of diligence in attempting to serve the defendant within that time period. As we stated:

> Having earlier rejected consideration of settlement negotiations, the only question remaining is whether counsel's single timely act of forwarding the summons and complaint to the sheriff for service can reasonably be viewed as diligent efforts to comply with the time restraints imposed by Rule 4(a)(2). Under the totality of the circumstances, good cause was not demonstrated by the Martins who bore the

13

burden to show good cause for sufficient to avoid dismissal upon defendant's Rule 4(a)(2) motion to dismiss.

*Id*.

Likewise, in *Rudd v. Merritt*, 138 Idaho 526, 66 P.3d 230 (2003), we held that the plaintiffs had not shown that they made diligent efforts to serve the defendants prior to the expiration of the six-month period required by Rule 4(a)(2). We stated: "The Plaintiffs waited until July 31, 2000, one week before the six-month period was due to expire, before making any attempt to effectuate service. Waiting five and three-fourths months before attempting to effect service does not show due diligence." *Id*. at 532, 66 P.3d at 236.

Plaintiff did not attempt to serve Defendants until five days before the expiration of the six-month period. She asserts, "But for the dispute over whether Ms. McLeod was or was not authorized to accept service, Ms. Elliott acted in a timely manner to effectuate service." The district court found that Plaintiff had failed to prove good cause for failing to serve Defendants timely, and considering her lack of due diligence in attempting to do so that finding is supported by substantial and competent evidence.

On April 20, 2010, Defendants filed and served their motion to dismiss for insufficiency of service. The next day, Plaintiff's counsel retained a professional process serving entity. It served Dr. Verska the same day and served Mr. Russell, as registered agent for the Spine Institute, the following day. Obviously, Defendants could easily have been served within the six-month period had Plaintiff exercised due diligence.

Plaintiff also argues that she was able to serve both Defendants within seventeen days after the expiration of the six-month period. As we said in *Sammis v. Magnetek, Inc*., 130 Idaho 342, 346, 941 P.2d 314, 318 (1997), "The relevant period of time on which to focus is the six months following the filing of the amended complaint . . . ."

## VII.

### Neither Plaintiff Nor Defendants Are Entitled to an Award of Attorney Fees.

In her reply brief, Plaintiff requested attorney fees on appeal pursuant to Idaho Code section 12-121. She did not make a request for attorney fees in her initial appellate brief. Rule 41 of the Idaho Appellate Rules states, "Any party seeking attorney fees on appeal must assert such a claim as an issue presented on appeal in the first appellate brief filed by such party . . .;

provided, however, the Supreme Court may permit a later claim for attorney fees under such conditions as it deems appropriate." Because Plaintiff did not raise the issue of attorney fees on appeal in her first appellate brief, we will not consider her request. *Bingham v. Montane Res. Assocs.*, 133 Idaho 420, 427, 987 P.2d 1035, 1042 (1999).

Defendants also seek an award of attorney fees on appeal pursuant to Idaho Code section 12-121. "Attorney fees can be awarded under that statute only if the appeal was brought or defended frivolously, unreasonably, or without foundation." *Farr West Invs. v. Topaz Marketing L.P.*, 148 Idaho 272, 277, 220 P.3d 1091, 1096 (2009). Because we have not previously addressed whether filing an amended complaint restarts the time for serving the summons and complaint under Rule 4(a)(2), Plaintiff's appeal was not entirely frivolous, unreasonable, or without foundation. We therefore decline to award attorney fees on appeal to Defendants.

## VIII.

### Conclusion

We affirm the judgment of the district court. We award costs on appeal, excluding attorney fees, to respondents.

Chief Justice BURDICK, Justices J. JONES, W. JONES, and HORTON **CONCUR.**