**IN THE SUPREME COURT OF THE STATE OF IDAHO**
**Docket No. 46474**

| | | |
|---|---|---|
| **RENCHER/SUNDOWN LLC,** | ) | |
| | ) | **Twin Falls, September 2019 Term** |
| **Plaintiff-Appellant,** | ) | |
| | ) | **Opinion Filed: November 29, 2019** |
| **v.** | ) | |
| | ) | **Karel A. Lehrman, Clerk** |
| **BUTCH PEARSON, and FARMERS** | ) | |
| **INSURANCE,** | ) | |
| | ) | SUBMITTED ON THE BRIEFS |
| **Defendant-Respondents,** | ) | |

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Bonneville County. Jon J. Shindurling, District Judge.

The district court's dismissal of Rencher's complaint is <u>affirmed</u>. Costs and attorney fees on appeal <u>awarded</u> to Pearson.

Troy Rasmussen, Troy Rasmussen, Attorney at Law, PLLC, Rexburg, attorney for Appellant filed original brief but is no longer counsel of record.

Gary Cooper, Cooper & Larsen, Pocatello, attorney for Respondent.
_____

BEVAN, Justice

## I. NATURE OF THE CASE

This is an appeal from a district court's dismissal of Rencher/Sundown LLC's ("Sundown") complaint against Butch Pearson. Sundown did not serve the complaint or summons within the six months required by Idaho Rule of Civil Procedure 4(b)(2)[1] and Pearson moved to dismiss the complaint. The district court dismissed Sundown's complaint after finding Sundown could not show good cause for failure to timely serve. We affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

---

[1] When the complaint was filed, the time for service under I.R.C.P. 4(b)(2) was six months. However, the time for service under the rule was modified to 182 days effective July 1, 2019. *See* I.R.C.P. 4.

Pearson was a tenant in an apartment complex owned by Sundown. On May 25, 2017, Sundown filed a verified complaint against Pearson[2] alleging he started a fire that damaged the apartment complex about three years earlier on May 26, 2014. On October 21, 2017, Sundown allegedly tried to serve the summons and complaint on Pearson at his last known address, although there is no affidavit of service in the record to show any failed attempts at service. On November 28, 2017, a second summons was issued. Sundown then apparently engaged the Bingham County Sheriff to effect service, but any service attempts conducted by the Sheriff are likewise missing from the record.

Shortly before the second summons was issued, on November 22, 2017, Pearson filed for bankruptcy. Sundown was listed as a creditor in Pearson's bankruptcy filing. On February 26, 2018, the bankruptcy judge granted Pearson an order of discharge. Sundown was served with notice of the order of discharge, which contained Pearson's address.

On May 21, 2018—nearly one year after filing the original complaint—Sundown moved to serve Pearson by publication. The district court apparently granted the order on June 7, 2018; however, the district court's order was also not included in the record. On June 11, 2018, Pearson moved to dismiss for failure to serve the summons and complaint within the six-month time frame required under Rule 4(b)(2). Sundown opposed Pearson's motion, arguing that the court had given leave to effect service by publication and that Pearson's discharged obligations from the bankruptcy proceedings were limited to back rent owed, not for any costs associated with the fire damage. One day before the hearing, Sundown apparently filed an affidavit of service and proof of publication, although the affidavit of service and proof of publication are not included in the record.

On September 5, 2018, the parties appeared for a hearing on Pearson's motion to dismiss. At the hearing, the district court judge questioned Sundown about the inability to locate Pearson prior to the expiration of the six-month service period, particularly in light of the bankruptcy paperwork that listed Pearson's address. Sundown's attorney stated that he was not provided a copy of the bankruptcy documents, to which the judge responded:

---

[2] Pearson's insurer, Farmers Insurance, was also named as a defendant in Sundown's original complaint; however, on September 15, 2017, the district court dismissed Farmers Insurance from the case.

THE COURT: Well, apparently, your client received those. You state in your affidavit[3] that you contacted counsel that represented Mr. Pearson in the bankruptcy proceedings.

And I assume that that was a result of your client having referred the issue to you as to the $1,500 to be discharged. And you say that your client said, Go ahead and let him discharge that.

Well, they had to have received those documents prior to the expiration of the six months. And, in those documents, they listed -- was listed Mr. Pearson's current address.

Now, your client had notice prior to the expiration of the time for service of the place Mr. Pearson could be located and didn't – didn't act upon it.

I know that's -- you say they didn't refer that to you, but that's not what's at issue. What's at issue is what your client had.

When asked how Sundown's failure to provide all the documentation to its attorney constituted good cause, counsel for Sundown admitted "it [was] probably not good cause." Nevertheless, counsel maintained that he did try to serve Pearson prior to the expiration of the first summons, but those efforts failed because they could not find him. Sundown continued to allege with no supporting evidence that Pearson was evading service. The district court was not persuaded and granted Pearson's motion, reasoning that the burden was on Sundown to bring evidence constituting good cause for failure to timely serve and Sundown had not done so. On September 6, 2018, the court entered a judgment dismissing Sundown's case against Pearson with prejudice. Sundown timely appealed.

### III. ISSUES ON APPEAL

1.      Whether the district court erred when it dismissed Sundown's complaint against Pearson.

2.      Whether either party is entitled to attorney fees on appeal.

### IV. STANDARD OF REVIEW

The district court evaluated the evidence presented, but did not hold an evidentiary hearing. Thus, the summary judgment standard applies and the record should be liberally construed in the light most favorable to the non-moving party. *Hansen v. White*, 163 Idaho 851, 853, 420 P.3d 996, 998 (2018). Additionally, "[w]hen a party appealing an issue presents an incomplete record, this Court will presume that the absent portion supports the findings of the

---

[3] There is no affidavit from Sundown's counsel included in the record on appeal.

3

district court." *Id*. (quoting *Gibson v. Ada Cnty.*, 138 Idaho 787, 790, 69 P.3d 1048, 1051 (2003)).

## V. ANALYSIS

As a threshold matter, the record on appeal is inadequate. Namely, there is no evidence in the record that establishes what attempts were made by Sundown, or others on its behalf, to serve the summons and complaint. The record does not include the affidavits of service showing Sundown attempted service before the expiration of the six-month period, the motion or order granting leave to serve by publication, or any documentation that would show the date that service by publication was actually completed. Because the record on appeal is incomplete, this Court must presume the record supports the findings of the district court. "It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error." *Greenfield v. Smith*, 162 Idaho 246, 253, 395 P.3d 1279, 1286 (2017) (quoting *Belk v. Martin*, 136 Idaho 652, 661, 39 P.3d 592, 601 (2001)). Rather, "the missing portions of that record are to be presumed to support the action of the trial court." *Rutter v. McLaughlin*, 101 Idaho 292, 293, 612 P.2d 135, 136 (1980).

**A.    The district court did not err by dismissing Sundown's complaint because the order granting Sundown permission to serve by publication did not relieve the obligation to comply with Rule 4(b)(2).**

Sundown argues the district court's order should be reversed because the court gave leave to Sundown to provide service by publication, which was effected prior to Pearson's motion to dismiss. Idaho Rule of Civil Procedure 4(b)(2) requires service of the summons and complaint within six months of filing the complaint. If service is not accomplished within the time specified in Rule 4(b)(2), dismissal is mandatory unless good cause is demonstrated by the plaintiff for the failure to timely serve. *Elliot v. Verska*, 152 Idaho 280, 288, 271 P.3d 678, 686 (2012). "Whether or not the defendant promptly moves for dismissal under 4(a)(2)[4] is irrelevant to the issue of good cause for the plaintiff's failure to comply with that rule." *Id*. at 289, 271 P.3d at 687. "The inquiry into good cause must focus on the six-month time period from the filing of the complaint, and the trial court must consider the totality of the circumstances to determine

---

[4] I.R.C.P. 4(a)(2) as cited in *Elliott* has been renumbered as 4(b)(2) in the current version of the Idaho Rules of Civil Procedure.

whether the plaintiff had a legitimate reason for not serving the defendant within that period." *Hansen*, 163 Idaho at 853, 420 P.3d at 998 (internal quotation omitted).

"[T]he determination of whether good cause exists is a factual one." *Sammis v. Magnetek, Inc.*, 130 Idaho 342, 346, 941 P.2d 314, 318 (1997). "The burden is on the party who failed to effect timely service to demonstrate good cause." *Martin v. Hoblit*, 133 Idaho 372, 375, 987 P.2d 284, 287 (1999). "Courts look to factors outside of the plaintiff's control including sudden illness, natural catastrophe, or evasion of service of process." *Harrison v. Bd. of Prof'l Discipline of Idaho State Bd. of Med.*, 145 Idaho 179, 183, 177 P.3d 393, 397 (2008) (internal citation omitted). In deciding whether there were circumstances beyond the plaintiff's control that justified the failure to serve the summons and complaint within the six-month period, the court must consider whether the plaintiff made diligent efforts to comply with the time restraints imposed by Rule 4(b)(2). *Martin*, 133 Idaho at 377, 987 P.2d at 289.

Sundown does not dispute that it failed to serve Pearson within the six-month timeframe after the complaint was filed. Instead, Sundown argues that because the hearing on Pearson's motion to dismiss was held after service by publication had been completed, the district court should have denied Pearson's motion to dismiss as moot.

Under Rule 4(b)(2):

If a defendant is not served within 6 months after the complaint is filed, the court, on motion or on its own after 14 days' notice to the plaintiff, must dismiss the action without prejudice against that defendant. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

This Court has held, "[w]hen a rule is mandatory, rather than discretionary, the time at which dismissal is sought is irrelevant." *Telford v. Mart Produce, Inc.*, 130 Idaho 932, 935, 950 P.2d 1271, 1274 (1998). Moreover, this Court has determined that the relevant period to focus on is the six months following the filing of the complaint. *Sammis*, 130 Idaho at 346, 941 P.2d at 318. Thus, the issue is not the timing of the motion to dismiss hearing, as Sundown suggested; rather, it is Sundown's failure to effect service of process within the six-month period under Rule 4(b)(2). Here, the six-month period following the filing of the complaint was May 25, 2017

through November 27, 2017.[5] Sundown's motion for leave to serve by publication occurred in May 2018—six months after the expiration of the six-month service period. The district court's good cause inquiry does not extend this far. As the district court addressed at the hearing, the fact that the motion to serve by publication was granted did not relieve Sundown of its obligations to timely serve the complaint under Rule 4(b)(2).

The burden was on Sundown to demonstrate good cause for failure to timely effect service. *Martin*, 133 Idaho at 375, 987 P.2d at 287. In the six-month period, Sundown only tried to serve Pearson on one occasion, October 21, 2017. It appears that Sundown may have continued its attempts to serve Pearson after the six-month service period expired; however, it is unclear when any attempts were made due to the lack of documentation, i.e., Sundown provided no affidavits from counsel or a process server to indicate that service attempts were made or to suggest why those attempts failed. This Court is left to presume the district court properly found Sundown's failed service attempts did not amount to good cause. *Rutter*, 101 Idaho at 293, 612 P.2d at 136 ("the missing portions of that record are to be presumed to support the action of the trial court."). Further, in light of the fact that Sundown received Pearson's new address from the bankruptcy filings, Sundown's allegation that Pearson moved and deliberately left no forwarding address to evade service of process is not persuasive. The district court found no reason for Sundown's failure to timely serve the complaint before the expiration of the six months and dismissed all claims against Pearson with prejudice.

Under Rule 4(b) the district court needed to dismiss Sundown's complaint against Pearson *without* prejudice; however, the district court's error is ultimately harmless because at the time the judgment was entered the statute of limitations had expired. As such, Sundown would not have been able to refile even if the district court had dismissed the complaint without prejudice. Thus, the district court's decision is affirmed.

**B.      Sundown is denied attorney fees. Pearson is awarded attorney fees.**

Sundown requests an award of costs and attorney fees under Idaho Code section 12-121 with no supporting argument; however, Sundown is not the prevailing party on appeal and thus has no right to attorney fees. Pearson also requests an award of attorney fees under Idaho Code

---

[5] The six-month expiration fell on November 25, 2017, which was a Saturday. Under I.R.C.P. 2.2, which governs the calculation of time, if a date falls on a Saturday or Sunday, the period runs until the end of the next day that is not a Saturday, Sunday or legal holiday.

sections 12-121, 12-123 and Rule 54(e)(1). Pearson maintains that attorney fees are proper because Sundown's appeal was brought unreasonably and without foundation because of Sundown's failure to identify a specific error in the district court's decision. Pearson argues that Sundown is instead merely asking this Court to second-guess an unfavorable decision by the district court.

Attorney fees under Idaho Code section 12-121 may be awarded to the prevailing party when an appeal is brought frivolously, unreasonably, or without foundation. I.C. § 12-121. Idaho Code section 12-123 allows sanctions for "frivolous conduct." An award of attorney fees as a sanction for frivolous conduct must be made "at any time prior to the commencement of the trial in a civil action or within twenty-one (21) days after the entry of judgment in a civil action." I.C. § 12–123(2)(a). That said, "Section 12-123 does not apply on appeal to this Court." *Bird v. Bidwell*, 147 Idaho 350, 353, 209 P.3d 647, 650 (2009).

Given the inadequacy of Sundown's briefing in this case and because Sundown pursued this appeal without providing an adequate record, we hold that Sundown pursued this appeal in a manner that was frivolous and without foundation. As a result, Pearson is awarded attorney fees under Idaho Code section 12-121.

## VI. CONCLUSION

The district court's dismissal of Sundown's complaint is affirmed. Costs and attorney fees on appeal awarded to Pearson.

Chief Justice BURDICK and JUSTICES BRODY, STEGNER and MOELLER, CONCUR.