KETTLE RANGE CONSERVATION GROUP, and Leavenworth Audubon, Adopt–A–Forest, Plaintiffs–Appellants,

v.

UNITED STATES FOREST SERVICE, Harv Forsgren, and Rolando Ortega, Defendants–Appellees,

and

Vaagen Brothers Lumber, Inc., Defendant–Intervenor–Appellee.

No. 00–35798.

D.C. No. CV–00–0031–JLQ.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 2, 2001.

Decided April 20, 2001.

Before THOMPSON, TROTT, and PAEZ, Circuit Judges.

## MEMORANDUM *

Plaintiffs Kettle Range Conservation Group ("Kettle Range") and Leavenworth Audubon Adopt–A–Forest ("LAAF") filed this action against the United States For-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

est Service, Harv Forsgren, Acting Regional Forester, Region Six, and Rolando Ortega, Acting Forest Supervisor, Colville National Forest ("CNF"),[1] under the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321–4370, challenging the Forest Service's selection of one of several ecosystem restoration plans proposed in response to a serious Douglas-fir beetle outbreak in northern Idaho and northeastern Washington.

At the hearing on the parties' motions for summary judgment, the district court expressed concern that Plaintiffs had not adequately demonstrated their standing. The district court allowed the parties to file supplemental memoranda on standing. Plaintiffs complied with the district court's order and simultaneously filed a motion under Fed.R.Civ.P. 6(b) to enlarge time for filing four additional declarations, which they attached to the motion. The district court found that Plaintiffs' reason for their delay was not "excusable neglect" and denied the motion to enlarge time. Concluding that the one remaining declaration did not establish Plaintiffs' standing, the district court dismissed the action for lack of jurisdiction. Plaintiffs appeal the denial of their Rule 6(b) motion and the dismissal.

▪ We review a determination that a plaintiff lacks standing *de novo*. *Abboud v. INS*, 140 F.3d 843, 846 (9th Cir.1998). We review the denial of a motion to enlarge time under Fed.R.Civ.P. 6(b) for abuse of discretion. *Kyle v. Campbell Soup Co.*, 28 F.3d 928, 930 (9th Cir.1994).

We have jurisdiction, and we reverse the district court's denial of Plaintiffs' motion to enlarge time. As a result, we do not reach Plaintiffs' appeal from the dismissal for lack of jurisdiction.

▪ Under Rule 6(b), a court may afford a party relief from the effects of a missed deadline upon a proper showing of "excusable neglect." The Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 391, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), clarified that the drafters did not indicate that they intended "anything other than the commonly accepted meaning of the phrase ['excusable neglect']."[2] Under Rule 6(b), the term "is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id.* at 392 (citations omitted). The Court urged a flexible reading so as not to "ignore the most natural meaning of the word 'neglect' " and to avoid an interpretation that contradicted "the accepted meaning of that word in analogous contexts." *Id.* at 394–95. The Court concluded that "the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," refusing to read *Lujan v. National Wildlife Federation*, 497 U.S. 871, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990), as restricting the inquiry to "the movant's culpability and the reason for the delay[.]" *Id.* at 395 and n. 13.

---

1. By Order filed on March 30, 2000 ("March 30 Order"), the district court permitted Vaagen Brothers Lumber, Inc. to intervene as a defendant.

2. The Supreme Court noted that the Bankruptcy Rule 9006(b)(1), at issue in *Pioneer*, was patterned after Rule 6(b). 507 U.S. at 391–92. We effectively determined that the Court's analysis applies to Rule 6(b). *See*

*Committee for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 825 n. 4 (9th Cir.1996) (observing that in *Reynolds v. Wagner*, 55 F.3d 1426, 1429 (9th Cir.1995), the Ninth Circuit held that the *Pioneer* analysis applied to the use of "excusable neglect" in Fed. R.App. P. 4(a)(5), thus "suggest[ing] that the analysis applies to Fed.R.Civ.P. 6(b) as well.").

A district court must consider all the circumstances in deciding whether to excuse a party's neglect, notably "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* Failure to consider the *"Pioneer* factors" in circumstances like those here, where counsel's "errors resulted from negligence and carelessness, not from deviousness or willfulness[,]" constitutes an abuse of discretion. *See Bateman v. U.S. Postal Service,* 231 F.3d 1220, 1225 (9th Cir.2000). The government has not argued (nor do we see) prejudice or bad faith on Plaintiffs' part. Moreover, the district court noted the case's rapid progress. Furthermore, the government conceded that at least one of Plaintiffs' new declarations demonstrated Plaintiffs' standing. We note that, at the time the district court decided Plaintiffs' motion to enlarge time, it did not have the benefit of our decision in *Bateman. Bateman* sets forth the correct procedure and standard, and, as in that case, we find that the equities here weigh in Plaintiffs' favor. We therefore remand to the district court with instructions to grant the Rule 6(b) motion.[3]

REVERSED AND REMANDED.

---

**3.** The majority in *Bateman* weighed the equities and instructed the district court to grant the [analogous] Rule 60(b)(1) motion. 231 F.3d at 1224–25. The dissent agreed that failure to consider the equitable factors was an abuse of discretion, but argued that the district court rather than the panel should conduct the equitable analysis. *Id.* at 1225–26.