**IN THE SUPREME COURT OF THE STATE OF IDAHO**
**Docket No. 45613**

| | |
|---|---|
| TODD CRAWFORD, individually; BENJAMIN CRAWFORD, individually; ETHAN CRAWFORD, individually,<br><br>    Plaintiffs-Appellants,<br><br>v.<br><br>DANIEL GUTHMILLER, individually; DENNIS GUTHMILLER, individually,<br><br>    Defendants-Respondents. | Boise, September 2018 Term<br><br>Opinion Filed: December 21, 2018<br><br>Karel A. Lehrman, Clerk |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Steven Hippler, District Judge.

District court judgment dismissing case for failure to serve, <u>affirmed.</u>

Matthew K. Steen, III, Boise, argued for appellants.

Gjording Fouser,  Boise, for respondents.  Stephen L. Adams argued.

_____

BURDICK, Chief Justice.

This case involves the Crawfords' failure to timely serve the Guthmillers pursuant to Idaho Rule of Civil Procedure 4(b)(2) and whether good cause exists to justify such failure. Nearly two years after their car was rear-ended by the Guthmillers, the Crawfords filed a complaint seeking to recover against the Guthmillers. In the six months following the filing of the complaint, the Crawfords attempted to effect service on the Guthmillers at the address the Crawfords found on various internet websites. On the last day of the six-month window to effect service of process, the Crawfords filed a motion seeking to extend the time to effect service for ninety days or to serve by publication. The district court determined the Crawfords had not shown good cause for failing to serve the Guthmillers within the allowed six-month time frame. Thus, the district court entered judgment dismissing the Crawfords' claims without prejudice. The Crawfords timely appealed, and we affirm.

1

# I.  FACTUAL AND PROCEDURAL BACKGROUND

Todd, Benjamin, and Ethan Crawford (collectively, Crawfords) contend they were injured when a car driven by Daniel Guthmiller, that was owned by Dennis Guthmiller (collectively, Guthmillers), rear-ended the Crawfords' vehicle. The accident occurred on January 2, 2015.  Nearly two years later, the Crawfords filed their complaint on December 29, 2016. On June 29, 2017, exactly six months after filing the complaint, the Crawfords filed a motion pursuant to Idaho Rule of Civil Procedure 4(b)(2) seeking a ninety day extension of time to serve the Guthmillers and to serve by publication. In support of their motion, the Crawfords submitted affidavits from Joy Garrison and Benjamin Storer, the two people who had unsuccessfully attempted to serve the Guthmillers at their alleged residence of 2484 North Hickory Way in Meridian.  Ms. Garrison's initial affidavit alleged that she attempted to serve the Guthmillers on several occasions, and on her last attempt, the door was answered by a woman who informed Ms. Garrison that the Guthmillers had not lived at that address "for almost two years."  Mr. Storer also attempted service at that address and contended that the woman who answered the door for Ms. Garrison was not being truthful as to whether the Guthmillers resided there because, "[a]ll of my searches show that [the Guthmillers] are still residing there and avoiding service."

On July 12, 2017, the district court denied the Crawfords' motion on the grounds that they had not demonstrated good cause under Rule 4(b)(2) for failing to serve the Guthmillers within six months. At that time, the affidavits the Crawfords had submitted did not specify when service attempts were made, or what efforts were taken to ensure the Crawfords had the correct address. The district court allowed the Crawfords to submit additional affidavits demonstrating good cause. The Crawfords submitted additional affidavits from Ms. Garrison and Mr. Storer. Ms. Garrison's second affidavit contended she "did searches on several address search sites" prior to giving the summons and complaint to Mr. Storer. All websites searched by Ms. Garrison showed the Hickory Way address. The websites Ms. Garrison searched to ascertain the Guthmillers' address were: whitepages.com, publicwhitepages.com, and familytreenow.com. Based on these results, Mr. Storer unsuccessfully attempted service at the Hickory Way address once per week between February 7 and March 5, 2017, during the hours of 5:00 and 7:00 p.m. Ms. Garrison then attempted service at the same address six times between April 13 and June 24, 2017. As noted, on her last service attempt on June 24, Ms. Garrison was informed the Guthmillers had not lived at the Hickory Way address for nearly two years. Based on the

2

supplemental affidavits, the Crawfords renewed their motion to extend the time for service and serve by publication.

On July 31, 2017, the Guthmillers made a special appearance seeking dismissal of the Crawfords' complaint. The Guthmillers submitted an affidavit from Dennis Guthmiller stating he and his family moved away from the Hickory Way address in October 2015. The Guthmillers' counsel contended that a Westlaw public records search of "Guthmiller, Dennis" showed he did not reside at the Hickory Way address, and a tax assessment search showed the Guthmillers did not own the Hickory Way house.

On September 8, 2017, the district court held a hearing on whether the Crawfords had demonstrated good cause for failing to timely serve the Guthmillers. The Crawfords contended good cause was shown based on the internet search sites showing the Hickory Way address, service attempts on eleven different occasions, and that the Guthmillers' insurer knew of the filing of the action. Following the hearing and supplemental briefing, the district court determined the Crawfords had failed to show good cause and granted the Guthmillers' motion to dismiss. The district court reasoned that the Crawfords waited until the last possible moment prior to the running of the statute of limitations to file their action, and as such, assumed the risk of forfeiting their cause of action if they failed to effect service of process within six months.

The court went on to say that the Crawfords' initial attempts to effect service were diligent; that is, it was initially reasonable to rely on public records websites to obtain the Guthmillers' address. However, after four unsuccessful attempts to effect service by Mr. Storer, with no sign the Guthmillers were evading service, due diligence required the Crawfords revisit their efforts. The district court found that although Mr. Storer contended in his affidavit that the Guthmillers were evading service, there was no evidence supporting this belief besides the fact that no one was home on the four times Mr. Storer went to the address. And in fact, Mr. Storer was just looking in the wrong place. The court stated,

> [i]nstead of taking steps to confirm that [the Guthmillers] indeed resided at the Hickory Way address, such as consulting public records websites that draw from government records, [the Crawfords] persisted in their fruitless efforts to serve at the Hickory Way address, this time assigning Garrison to the task. While Garrison was diligent in her task, having visited the Hickory Way home six times between April 13 and June 24, Plaintiffs should have recognized after her first or second visit that it was a fool's errand. At that point—after several unsuccessful attempts, only a handful of weeks to effect service, and having failed to expand their research of [the Guthmillers'] residence—it was incumbent upon [Crawfords], had they

3

been exercising due diligence, to—at a minimum—seek assistance with this Court through a motion for additional time to serve or a motion for leave to serve through publication. Despite the fact that their claim would forever expire without effecting service, [Crawfords] did neither, instead waiting until the eve of the deadline to take any substantive action.

Thus, the district court concluded the Crawfords had not shown good cause, denied the Crawfords' motion to extend time to serve, and granted the Guthmillers' motion to dismiss. Judgment was subsequently entered dismissing the Crawfords' claim without prejudice. However, because the statute of limitations had now run for Todd and Benjamin Crawford, they were barred from re-filing their claims.[1] The Crawfords timely appealed.

## II.    ISSUES ON APPEAL

1. Whether the district court properly determined the Crawfords failed to show good cause for failing to timely serve.

2. Whether either party is entitled to attorney fees on appeal.

## III.    STANDARD OF REVIEW

Idaho Rule of Civil Procedure 4(b)(2) provides the time limit during which a plaintiff must serve a defendant after a complaint is filed. It provides,

[i]f a defendant is not served within 6 months after the complaint is filed, the court, on motion or on its own after 14 days' notice to the plaintiff, must dismiss the action without prejudice against that defendant. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

I.R.C.P. 4(b)(2). "The inquiry into good cause must focus on the six-month time period from the filing of the complaint, and the trial court must consider the totality of the circumstances to 'determine whether the plaintiff had a legitimate reason for not serving the defendant' within that period." *Hansen v. White*, 163 Idaho 851, 853, 420 P.3d 996, 998 (2018) (quoting *Nerco Minerals Co. v. Morrison Knudsen Corp.*, 132 Idaho 531, 534, 976 P.2d 457, 460 (1999)).

The Guthmillers ask this Court to clarify the standard of review that is applicable when determining whether good cause exists for failing to timely serve. Currently, the standard employed when the district court does not hold an evidentiary hearing is that of summary judgment. *Sammis v. Magnetek, Inc.*, 130 Idaho 342, 346, 941 P.2d 314, 318 (1997). Therefore, when this Court reviews the trial court's determination that the "[plaintiffs] failed to establish good cause under the rule, we must liberally construe the record in the light most favorable to the

---

[1] The court noted that Ethan Crawford, a minor, would be able to re-file his claim. *See* I.C. § 5-230.

4

nonmoving party and must draw all reasonable inferences in that party's favor." *Id.* When a district court does hold an evidentiary hearing, this Court does not apply the summary judgment standard of review; rather, "the standard of review is that we will draw all reasonable inferences in favor of the court's judgment." *Elliott v. Verska*, 152 Idaho 280, 285, 271 P.3d 678, 683 (2012).

The Guthmillers contend that because the trial court, rather than a jury, will always make the determination of whether good cause exists, the standard of review that should apply to this case is that where the trial court, rather than a jury, sits as the trier of fact. The Guthmillers cite to *Riverside Development Company v. Ritchie*, 103 Idaho 515, 519, 650 P.2d 657, 661 (1982), to support their position. In *Riverside* we said, "where the evidentiary facts are not disputed and the trial court rather than a jury will be the trier of fact, summary judgment is appropriate, despite the possibility of conflicting inferences because the court alone will be responsible for resolving the conflict between those inferences." *Id.* Thus, the Guthmillers contend, the standard of review that is applied should be that articulated in *Riverside*. We agree.

> This Court has held in the past that even though there are no genuine issues of material facts between the parties "a motion for summary judgment must be denied if the evidence is such that conflicting inferences can be drawn therefrom and if reasonable men might reach different conclusions." *Lundy v. Hazen*, 90 Idaho 323, 326, 411 P.2d 768, 770 (1966). Such a rule is proper where the matter is to be tried to a jury, because even though evidentiary facts may be undisputed, those evidentiary facts may yield conflicting inferences as to what the ultimate facts of a case are. If such conflicting inferences are possible, then summary judgment would deprive the parties of the right to have the jury make the decision in the matter. Nevertheless, where the evidentiary facts are not disputed and the trial court rather than a jury will be the trier of fact, summary judgment is appropriate, despite the possibility of conflicting inferences because the court alone will be responsible for resolving the conflict between those inferences.

*Riverside Dev. Co.*, 103 Idaho at 519, 650 P.2d at 661. Here, because the underlying facts are not in dispute, and a trial court rather than a jury sits as the trier of fact, the applicable standard of review is that which is articulated in *Riverside*.

## IV.    ANALYSIS

**A.    The district court did not err in holding the Crawfords failed to show good cause.**

The parties do not dispute that the Guthmillers were not served within six months after the complaint was filed. The Crawfords concede that the single address at which they attempted to serve the Guthmillers was based on internet searches of public information websites, one of

which expressly included a disclaimer that "[t]he information on our website may not be 100% accurate, complete, or up to date, so do not use this information as a substitute for your own due diligence." However, the Crawfords contend, they had used these websites in the past with success and they attempted service eleven times, and thus they showed good cause. The district court determined the Crawfords failed to show good cause for failing to timely serve the Guthmillers. The court stated that while it may have been diligent to use the public websites initially, after several unsuccessful service attempts and with no evidence the Guthmillers were evading service, due diligence required the Crawfords to revisit their service efforts. This case presents a close call where reasonable minds could differ as to whether good cause was shown. However, as discussed below, because the Crawfords have failed to show factors outside of their control that prevented them from effectuating service, we affirm the district court's dismissal.

As an initial matter, at oral argument, an ancillary discussion occurred regarding the standard of "good cause" as between Idaho Rules of Civil Procedure 2.2(b) and 4(b)(2). Because this issue was not raised below, we decline to address it. *See Obenchain v. McAlvain Const., Inc.*, 143 Idaho 56, 57, 137 P.3d 443, 444 (2006) ("Appellate court review is 'limited to the evidence, theories and arguments that were presented . . . below.'") (citation omitted).

As noted, if a defendant is not served within six months after the filing of the complaint, the court must dismiss the action without prejudice, unless good cause is shown for the failure to timely serve. I.R.C.P. 4(b)(2). However, if good cause is shown, the court must extend the time for service. *Id.* "Rule 4([b])(2) is couched in mandatory language, requiring dismissal where a party does not comply, absent a showing of good cause." *Sammis*, 130 Idaho at 347, 941 P.2d at 319. In considering whether the plaintiff has shown good cause, "[t]he relevant period of time on which to focus is the six months following the filing of the amended complaint." *Id.* at 346, 941 P.2d at 318. "The burden is on the party who failed to effect timely service to demonstrate good cause." *Martin v. Hoblit*, 133 Idaho 372, 375, 987 P.2d 284, 287 (1999).

"There is no bright-line test in determining whether good cause exists." *Harrison v. Bd. of Prof'l Discipline of Idaho State Bd. of Med.*, 145 Idaho 179, 183, 177 P.3d 393, 397 (2008). Rather, the court considers the totality of the circumstances. *Elliott*, 152 Idaho at 290, 271 P.3d at 688. Such circumstances include, but are not limited to, "factors outside of the plaintiff's control including sudden illness, natural catastrophe, or evasion of service of process." *Id.* (quoting *Harrison*, 145 Idaho at 183, 177 P.3d at 397). "In weighing these factors, 'the court

must consider whether the plaintiff made diligent efforts to comply with the time restraints imposed by 4(b)(2).'" *Hansen*, 163 Idaho at 855, 420 P.3d at 1000 (quoting *Elliott*, 152 Idaho at 290, 271 P.3d at 688).

As this Court has said, "[g]ood cause implies the existence of factors outside a plaintiff's control, as opposed to the plaintiff's lack of diligence." *Grazer v. Jones*, 154 Idaho 58, 70, 294 P.3d 184, 196 (2013). This Court has established various factors that do not constitute good cause and are not considered, including pro se status, whether the claim is barred by the statute of limitations if dismissed, lack of prejudice to the defendant, settlement negotiations, defendant's knowledge of the pending litigation, and other pre-litigation proceedings such as that before a screening panel. *Elliott*, 152 Idaho at 288–89, 271 P.3d at 686–87. In sum, a "plaintiff must have a legitimate excuse for failing to timely serve the defendant with a copy of the complaint." *Nerco Minerals Co.*, 132 Idaho at 535, 976 P.2d at 461.

As to diligence, if a plaintiff does not make any service attempt during the relevant six-month period a court will likely not find a showing of good cause. *Martin*, 133 Idaho at 377, 987 P.2d at 289. Similarly, if a party waits until the six-month period is nearly over to begin attempting service, the efforts are likely not diligent. *Id.* In *Martin*, the plaintiff did not attempt service until eleven days before the six-month deadline. *Id.* The Court held this single timely act of attempting service was not diligent. *Id.* Likewise, in *Rudd v. Merritt*, this Court held that a plaintiff had not shown due diligence when they waited until a week before the six-month period expired before attempting to effectuate service. 138 Idaho 526, 532, 66 P.3d 230, 236 (2003).

Here, the Crawfords cite to *Martin* and *Rudd* to support their proposition that because they attempted service eleven times during the six-month period, their efforts were sufficiently diligent to show good cause. This argument is unavailing. It is true that the Crawfords attempted service eleven times during the six-month period after filing the complaint, which amounts to more times than in *Martin* and *Rudd*. However, the Crawfords have shown no circumstances outside of their control as to why they were not able to effectuate service of process. As such, Rule 4(b)(2) mandates dismissal of their complaint. I.R.C.P. 4(b)(2); *Grazer*, 154 Idaho at 70, 294 P.3d at 196.

In sum, the Crawfords ask this Court to find good cause based simply on the number of times they attempted service, without giving due regard to *where* they were attempting service and *how* they selected that location, as well as not showing circumstances outside of their

7

control. As noted, "[g]ood cause implies the existence of factors outside a plaintiff's control, as opposed to the plaintiff's lack of diligence." *Grazer*, 154 Idaho at 70, 294 P.3d at 196. Because the Crawfords have not shown any factors outside their control, the district court did not err when it determined the Crawfords failed to show good cause and denied their motion for an extension of time. Accordingly, we affirm the district court's dismissal.

**B. Attorney fees on appeal**

Both parties seek attorney fees on appeal. The Crawfords cite to Idaho Code section 12-121 as well as the "when justice so requires" standard that was articulated in *Hoffer v. Shappard*, 160 Idaho 868, 883, 380 P.3d 681, 696 (2016), but never came into effect. However, the Crawfords are not the prevailing party, and therefore are not entitled to attorney fees on appeal.

The Guthmillers cite to Idaho Appellate Rules 40 and 41, as well as Idaho Code section 12-121. Pursuant to section 12-121, this Court, in any civil action, may award reasonable attorney fees to the prevailing party. *Doe v. Doe (2016-7)*, 161 Idaho 67, 79, 383 P.3d 1237, 1249 (2016). "This Court has held that attorney fees can be awarded on appeal under Idaho Code section 12-121 'only if the appeal was brought or defended frivolously, unreasonably, or without foundation.' " *Id.* (citation omitted). However, "[f]ees will generally not be awarded for arguments that are based on a good faith legal argument." *Easterling v. Kendall*, 159 Idaho 902, 918, 367 P.3d 1214, 1230 (2016). The Guthmillers contend that the Crawfords only generally challenge the trial court's findings without any support in the record and that there is no basis for this Court to conclude the district court erred.

We do not award attorney fees on appeal under section 12-121. The Crawfords' arguments on appeal were not frivolous, unreasonable, or without foundation. Rather, the Crawfords made good faith legal arguments as to why they had demonstrated good cause. As such, an award of attorney fees is improper on appeal.

## V. CONCLUSION

We affirm the judgment of the district court. We award costs, but not attorney fees, to the Guthmillers.

Justices HORTON, BRODY, BEVAN and STEGNER, **CONCUR.**