**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51259**

| | |
|---|---|
| KANDI TERRY-SMITH and ROY A. SMITH, JR., husband and wife,<br><br>    Plaintiffs-Appellants,<br><br>v.<br><br>MOUNTAIN VIEW HOSPITAL, LLC, and IDAHO FALLS COMMUNITY HOSPITAL, LLC,<br><br>    Defendants-Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Filed: March 31, 2025<br><br>Melanie Gagnepain, Clerk |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Stevan H. Thompson, District Judge.

Judgment dismissing case, <u>affirmed</u>.

Wood Law Group, PC; T. Jason Wood, Idaho Falls, for appellants. Jason Wood argued.

Parsons Behle & Latimer; S. Alex Roll, Idaho Falls, for respondents. S. Alex Roll argued.

_____

TRIBE, Judge

Kandi Terry-Smith and Roy A. Smith, Jr. (Smiths) appeal from the district court's judgment summarily dismissing the case for insufficient service of process. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The Smiths claim that on March 12, 2020, Kandi suffered an injury while she was a patient at Mountain View Hospital (MVH). On March 11, 2022, the Smiths filed a complaint (first complaint) in the district court against MVH and Idaho Falls Community Hospital (IFCH) alleging negligence in the form of medical malpractice associated with the medical care Kandi received while she was in the care of MVH. The first complaint gave rise to the first case. The case was

1

submitted to a medical prelitigation screening panel and a decision was rendered on June 3, 2022. On September 8, 2022, the Smiths filed a second complaint which was identical to the first complaint as it contained the same allegations and defendants.[1] This initiated a second case in the district court and the Smiths pursued no further action in the first case.

The district court presiding over the first case issued its notice of dismissal for inactivity on November 2, 2022, and entered an order of dismissal on December 18, 2022. The Smiths filed a motion for relief from the order dismissing the case. The district court granted the motion, finding both good cause and excusable neglect. The district court granted an extension of sixty days for service of process to be accomplished no later than April 29, 2023. Thereafter, Tony Mares, a process server, signed an affidavit stating: "On the 19th day of March, 2023," he served "one (2) [sic] copies of the Complaint and one (1) copy of the Summons on MOUNTAIN VIEW HOSPITAL, LLC. c/o Kee [sic] Radford."[2] The Smiths filed Mares' affidavit with the district court.

In the second case, MVH moved to dismiss the case as time-barred by the statute of limitations. The Smiths moved to consolidate the first and second cases. The district court denied the Smiths' motion to consolidate and dismissed the second case.

Thereafter, in the first case, MVH filed a notice of special appearance that stated that it intended to file a motion to dismiss "pursuant to Idaho Rules of Civil Procedure 12(b)(4) and (5) in order to contest service and sufficiency of service of process." MVH filed a motion to reconsider the district court's finding of good cause and excusable neglect regarding the order dismissing the case and extension of time for service and filed a motion to dismiss. MVH attached the declarations of Lee Radford (the attorney and registered agent for MVH) and Jill Lott (the

---

[1]    In an affidavit to the district court, the Smiths' attorney stated that the status of the complaint was not clear among him and his staff, which lead him to file a second complaint to preserve his clients' claims. However, the Smiths' attorney now acknowledges that the second complaint was filed after the statute of limitations expired.

[2]    The receptionist, Jill Lott, later testified via affidavit that a man came into the law office at which Lee Radford worked, asked for her name, and gave her a copy of the complaint. Lott states that the man did not provide a summons and he never spoke with Radford. Lott, having identified the document as a complaint against MVH, gave the complaint to Radford's legal secretary. These assertions are not challenged by the Smiths.

receptionist at Parsons Behle & Latimer, the law firm that represents MVH). The district court denied MVH's motion to reconsider but granted MVH's motion to dismiss the first case. The Smiths filed a motion for partial reconsideration, a motion for leave to amend the complaint, and a motion for an additional extension of time. The district court denied those motions. Finally, the Smiths filed an I.R.C.P. 60(b) motion for relief from the order denying reconsideration and judgment. The district court denied the motions as untimely, procedurally deficient, and on the merits. The Smiths appeal.

## II.

## STANDARD OF REVIEW

When a trial court decides a motion to dismiss without an evidentiary hearing, the standard of review is the same as that used to review an order granting summary judgment. *Crawford v. Guthmiller*, 164 Idaho 518, 522, 432 P.3d 67, 71 (2018). Thus, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to dismissal as a matter of law. *See Edwards v. Conchemco, Inc*., 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct. App. 1986). Disputed facts are construed in favor of the nonmoving party. *Castorena v. Gen. Elec*., 149 Idaho 609, 613, 238 P.3d 209, 213 (2010). Because a trial court would be the trier of fact if a motion to dismiss proceeded to an evidentiary hearing, the trial court is permitted to grant dismissal despite the possibility of conflicting inferences. *Crawford*, 164 Idaho at 523, 432 P.3d at 72. This Court freely reviews questions of law. *See Cole v. Kunzler*, 115 Idaho 552, 555, 768 P.2d 815, 818 (Ct. App. 1989).

## III.

## ANALYSIS

The Smiths present two issues on appeal: (1) whether the district court erred in dismissing MVH for insufficient service of process; and (2) whether the district court erred in denying the Smiths' request for an extension of time for service of process on MVH. The latter issue is separated into two sub-issues--whether the district court properly considered: (1) good cause; and (2) excusable neglect.[3] MVH argues that the district court did not err in dismissing or in

---

[3] While the Smiths present additional issues in the body of their opening brief, any issues not included in the issues presented on appeal section are waived. Generally, the "[f]ailure of the

denying the Smiths' request for an extension of service time. MVH also presents two additional issues on appeal: (1) whether it was entitled to attorney fees in district court; and (2) whether it is entitled to attorney fees on appeal.

**A.      Order of Dismissal**

The Smiths argue that the district court erred in dismissing MVH for insufficient service of process.[4] Specifically, the Smiths contend that the district court erred in dismissing the case for insufficient service of process "where MVH concedes its attorneys, who were its express and implied agents for service of process, actually received service of the complaint."

The Smiths first argue that MVH was properly served twice: the first time was by email on March 8, 2023, and the second time was when the process server left the documents with Lott at the law firm where the registered agent of MVH works. The Smiths' argument is that the email sent by their attorney on March 8, 2023, to MVH's attorney constitutes sufficient service. In the email, the Smiths' attorney stated: "Attached are the following documents filed in Case No. CV10-22-4827 last night." However, these documents were for the second case that was dismissed, not the first case. As it relates to this case, the Smiths' attorney only asked MVH's attorney if she would accept service on behalf of her clients in Case No. CV10-22-1362 (the instant case), to which she responded that she could not. The Smiths contend that MVH "cannot dispute that they implicitly granted actual authority to Parsons Behle & Latimer to accept service" of the "identical complaint." However, the documents in the email did not pertain to this case (as evidenced by the different case numbers) and the attorney for MVH responded that she was not authorized to accept service in CV10-22-1362. The requirements for service on an Idaho corporation must be completed pursuant to I.R.C.P. 4. This rule states that service of a corporation can be done "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." I.R.C.P. 4(d)(3)(A). If the registered agent is unavailable, service may be completed

---

appellant to include an issue in the statement of issues required by I.A.R. 35(a)(4) will eliminate consideration of that issue on appeal." *Kugler v. Drown*, 119 Idaho 687, 691, 809 P.2d 1166, 1170 (Ct. App. 1991).

[4]      The Smiths do not argue on appeal that the district court erred in dismissing IFCH. Therefore, we will not address that issue.

4

"by mailing copies of the summons and complaint by registered or certified mail to the corporation addressed to its registered place of business and to the president or secretary of the corporation at the addresses shown on the most current annual statement filed with the Secretary of State." I.R.C.P. 4(d)(3)(C). Email is not included as a proper method of service.

The Idaho Supreme Court has held that a defendant having "informally received a copy of the summons and complaint, hired an attorney, and communicated with [plaintiff] on several occasions, does not negate the fact that [plaintiff] did not make any attempt to properly serve [defendant] during the six months following the filing of the complaint." *Campbell v. Reagan*, 144 Idaho 254, 257, 159 P.3d 891, 894 (2007). Therefore, even if the email did contain the documents for the first case, which it did not, it would still be insufficient to satisfy I.R.C.P. 4.

The Smiths argue that MVH received service a second time when the process server delivered a copy of the complaint to the receptionist at the law office of Parsons Behle & Latimer. The district court found that Mares' affidavit of service failed to "raise any genuine issues of material fact as to whether or not there was sufficient service of process under [MVH's] motion to dismiss under I.R.C.P. 12(b)(5)."[5] The district court relied on the declarations submitted by Lott and Radford, as well as Mares' affidavit. The district court noted that the Smiths did not present any other declarations or affidavits to create a genuine issue of material fact as to the service of process upon MVH.

The district court noted that the declarations by Lott and Radford explained that a man came into the law office on March 17, 2023--rather than March 19, 2023, as averred in Mares' affidavit. The man left a document with Lott at the front desk of the law office without asking for her name, identifying himself as a process server, or asking for a signature. Radford confirmed that he was also not personally served. The affidavit by Mares does not counter these assertions. Further, the Smiths later acknowledged that Mares admitted to not serving Radford personally. While it is true that Lott is an employee of Parsons Behle & Latimer, neither Lott, personally, nor the law firm, as a whole, are registered agents authorized to accept service on behalf of MVH.

---

[5] The district court found that there was a genuine issue of material fact as it related to I.R.C.P. 12(b)(4). However, the Smiths' argument is limited to the dismissal pursuant to I.R.C.P 12(b)(5); therefore, we need not discuss any other grounds for dismissal considered by the district court.

The Smiths attempt to support their argument by noting that Lott's position as a receptionist at the firm makes her "uniquely knowledgeable of what to do with the summons and complaint" upon receipt. The Smiths argue that because Lott gave the copy of the complaint to a legal secretary for MVH's registered agent and because Kelsie Kirkham (the person Radford delegated authority to receive process in his absence) saw the complaint on the day it was given to Lott, MVH had "***virtually instantaneous, actual notice***" of the claims against it.

The Idaho Supreme Court has held that noncompliance with I.R.C.P. 4 cannot be excused for having documents placed in an "in-box" to be later found by the agent. *Elliott v. Verska*, 152 Idaho 280, 286, 271 P.3d 678, 684 (2012). In *Elliott*, Elliott sued Verska and the Spine Institute, among others, for medical malpractice. *Id*. at 283, 271 P.3d at 681. An employee of the law firm hired by Elliott went to the Spine Institute and gave the service documents to the receptionist rather than Verska (or a registered agent of Verska) or the Spine Institute. *Id*. A registered agent of the Spine Institute later found the documents in his in-box. *Id*. Elliott filed an affidavit stating that a person "authorized to accept service" for Verska and the Spine Institute had accepted the documents and that the receptionist told the process server that she was authorized to accept service. *Id*. at 283-84, 271 P.3d at 681-82. Verska filed a motion to dismiss for insufficient service and included an affidavit from the receptionist stating that she had no authority to accept service. *Id*. at 284, 271 P.3d at 682. The affidavits conflicted as to whether there was a conversation between the process server and the receptionist. *Id*. The district court found that both affidavits presented equally plausible scenarios but that Elliott failed to show that the receptionist was an authorized agent of Verska or the Spine Institute. *Id*. The district court dismissed the case, finding that neither Verska nor the Spine Institute were properly served and good cause was not shown for this failure. *Id*.

The Idaho Supreme Court held that, although the receptionist was an employee of the Spine Institute, she was not an authorized agent and had no authority to accept service on behalf of the Spine Institute or Verska. *Id.* at 286, 271 P.3d at 684. The Court in *Elliott* specifically stated that "it does not matter" that the registered agent of the Spine Institute later "found copies of the summons directed to the Spine Institute and the amended complaint in his in-box. His doing so would not constitute delivery of the summons and complaint to him." *Id*.

6

The Smiths argue that Idaho does not have controlling precedent on this issue and cite several nonbinding federal cases as authority. The Smiths acknowledge *Elliott* but state that it "stands in stark contrast to the instant case" because, here, MVH "appointed their own attorneys as registered agents for service of process," the attorneys also represented MVH in the second case, and Lott "immediately presented [the complaint] to the registered agent" for MVH. This is not a meaningful distinction.

As noted, I.R.C.P. 4 requires service of a corporation to be on an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. The authorized agent's status as an attorney or their involvement in any other case for the corporate client is not determinative of whether service was proper. Further, *Elliott* instructs this Court to reject the Smiths' assertion that, notwithstanding insufficient service pursuant to the rule, service was adequate because the authorized agent was eventually given the complaint. In *Elliott*, the Idaho Supreme Court clarified that its holding in *Herrera v. Estay*, 146 Idaho 674, 201 P.3d 647 (2009) did not stand for the proposition "that the manner of serving process required by Rule 4 can be ignored as long as the defendant in some way receives such notice" of the lawsuit. *Elliott*, 152 Idaho at 287, 271 P.3d at 685. We decline to adopt a proposition that is contrary to *Elliott*. The facts surrounding service of process are largely undisputed. The Smiths have failed to show that the district court erred in granting MVH's motion to dismiss for insufficient service.

**B.      Extension of Time**

Next, the Smiths argue that the district court erred by failing to grant an extension of time to effectuate service because the process server lied and the attorney for MVH "concealed their knowledge that their client had not actually been personally served."

If a plaintiff fails to serve a defendant within 182 days of the filing of a complaint, a trial court must dismiss the action against that defendant unless the plaintiff shows good cause for the failure to timely serve, in which case the trial court must extend the time for service for an appropriate period. I.R.C.P. 4(b)(2). The determination of whether good cause exists is a factual one. *Sammis v. Magnetek, Inc.*, 130 Idaho 342, 346, 941 P.2d 314, 318 (1997). There is no bright-line rule for ascertaining whether good cause exists. *Martin v. Hoblit*, 133 Idaho 372, 375, 987 P.2d 284, 287 (1999). The question of whether legal excuse has been shown is a matter for judicial determination based upon the facts and circumstances in each case. *Id.* Relevant inquiries include

a plaintiff's diligence in attempting to timely serve and any factors contributing to the delay that were outside plaintiff's control. *Crawford*, 164 Idaho at 524, 432 P.3d at 73. In short, a plaintiff must have a legitimate excuse for failing to effect timely service. *Id*. The events relevant to a good cause analysis are limited to those occurring within 182 days of filing the complaint. *See Sammis*, 130 Idaho at 346, 941 P.2d at 318. The burden of showing good cause rests with the plaintiff. *Id*.

First, the Smiths argue that the only party that was aware of Mares' failure to properly serve was MVH. Specifically, the Smiths argue that MVH made a "generic motion to dismiss on April 7, 2023, citing [I.R.C.P.] 4(b)(2), 12(b)(4) and 12(b)(5), but withheld the grounds for the motion . . . until they filed their supporting brief and declarations on May 9, 2023"--after the statute of limitations had run. We begin by analyzing whether the above assertion, as well as any others, are factors outside of the Smiths' control. If we consider the time that had already been extended for service, we can consider the factor upon which the Smiths rely: Mares' affidavit. This factor was outside the Smiths' control. Idaho Rule of Civil Procedure 4(g)(1) states that proof of service must be "in writing, identifying all documents served, specifying the manner of service and the date and place of service." Further, if the server is someone other than "a sheriff or deputy sheriff, or any peace officer or court marshall," then the proof of service must be by "affidavit of the person stating that the person is over the age of 18 years and how service was made as required by these rules." I.R.C.P. 4(g)(1)(A); I.R.C.P. 4(g)(1)(B). Mares' affidavit states that he served "one (2) [sic] copies of the Complaint and one (1) copy of the Summons" to "MOUNTAIN VIEW HOSPITAL, LLC. c/o Kee [sic] Radford." The affidavit also included a statement that Mares was over eighteen at the time of service and the location of service.

Next, we examine whether the Smiths exercised due diligence. In light of Mares' false statement, which is a factor outside of the Smiths' control, this Court must consider whether the Smiths made diligent efforts to comply with the time restraints imposed by Rule 4(b)(2). *See Elliott*, 152 Idaho at 290, 271 P.3d at 688; *Brereton v. Marian*, 171 Idaho 86, 94, 518 P.3d 385, 393 (Ct. App. 2022). Black's Law Dictionary defines "due diligence" as "the diligence reasonably expected from, and ordinarily exercised by, a person who seeks to satisfy a legal requirement or to discharge an obligation." *Due Diligence*, BLACK'S LAW DICTIONARY (12th ed. 2024).

8

The lack of due diligence by the Smiths' attorney requires a review of the timeline following the filing of the complaint. As the district court noted, the events following that filing "can only be described as a comedy of errors" where the Smiths' attorney made "multiple scheduling errors and miscalculations of certain key events." In the district court, the Smiths' attorney stated that his staff made notation errors resulting in him missing key deadlines in this case. Further, without following up with the district court to confirm receipt of the first complaint, the Smiths' attorney filed a second complaint resulting in the second case. While the second case was in the process of being dismissed, the Smiths' attorney allowed the first case to proceed to the dismissal phase due to inactivity. After being granted the first extension of time to effect service, the errors continued.

It was during this two-month period of extended time allowed for service where the Smiths argue that "sewer service" occurred and entitled them to another extension of time. The Smiths cite to 4B CHARLES ALAN WRIGHT ET AL., FED. PRAC. & PROC. § 1137 (4th ed. June 2024) to describe "sewer service" as when "the process server fails to deliver the summons and complaint to the defendant, but, nevertheless, reports to the plaintiff that service is complete." The Smiths' attorney filed Mares' affidavit despite it containing a blatant error in the name of the registered agent, lacking the proper service date, and failing to state how service was made as required by I.R.C.P. 4 to prove that service was completed. Further, the Smiths' classification of the motion filed by MVH as a "generic motion to dismiss" is misleading. The motion specifically stated that the grounds for dismissal were "service and sufficiency of service of process."

Even with this plain reading of the motion, the Smiths' attorney argues that, due to Mares's affidavit, he believed the motion to dismiss was based on an expiration of time for service, which had previously been extended. The notice of special appearance and motion to dismiss for insufficient service were filed by MVH on April 7, 2023, which was before the deadline to effectuate service. Nonetheless, the Smiths' attorney filed a motion for default and emailed the attorney for MVH on April 13, 2023, to tell Parsons Behle & Latimer that its motion to dismiss was "baseless" and that its clients "were properly served." The Smiths' attorney further told Parsons Behle & Latimer to "[j]ust withdraw [the motion to dismiss] and answer the complaint. . . . [P]laying it cute will only get you in trouble." The attorney for MVH responded to the Smiths' attorney's email, reaffirming that MVH filed the motion to dismiss and the matter would be

9

addressed at a hearing. The Smiths fault MVH for failing to "come clean" and assert that MVH chose to "conceal" the fact that service was improper. However, the Smiths' attorney never asked Parsons Behle & Latimer the basis of the motion or independently reviewed the service and cites no authority supporting the argument that MVH was required to provide this information. The Smiths' attorney stated that he did not speak to Mares until June 29, 2023, who then acknowledged that he did not serve Radford but rather gave the documents to Lott.

Had the Smiths' attorney performed his due diligence, Mares' failure to properly serve MVH was discoverable at the time the service return was received, based on the service return itself and its lack of compliance with I.R.C.P. 4(b). The above sequence of events demonstrates the Smiths' attorney's lack of due diligence and fails to demonstrate good cause to excuse compliance with I.R.C.P. 4(b). The Smiths' attorney states that he "reasonably relied" on the "good faith and the veracity" of Mares' affidavit. However, for the reasons stated, Mares' affidavit was deficient on its face; therefore, the Smiths' attorney could not have reasonably relied on it to determine that service was complete.

Further, the Smiths' attorney's erroneous belief that MVH's motion to dismiss was based on MVH's failure to understand the meaning of the district court's order allowing an extension of time for service, does not create an obligation on MVH to provide an explanation for its appropriately filed motion. When faced with a motion indicating that service was insufficient, the Smiths' attorney relied on an incomplete affidavit that does not comport with I.R.C.P. 4 to ignore MVH's motion. The attorney for MVH was not required to assume that the Smiths' attorney misunderstood the situation even after she filed the motion to dismiss and confirmed, via email, her intention to proceed to a hearing on the motion. Rather, the series of errors in this case, which the Smiths' attorney attributes to his former and current staff, Mares and the attorney for MVH, could have been ameliorated by an exercise of due diligence. The Smiths' attorney was faced with an affidavit that was deficient on its face, a motion to dismiss citing insufficient service of process, and an email from MVH's attorney before the extension of time for service expired confirming the filing of the motion to dismiss. The Smiths' attorney failed to exercise diligence reasonably expected from, and ordinarily exercised by, a person who seeks to satisfy a legal requirement or to discharge an obligation. Therefore, the Smiths have failed to meet their burden to show good cause.

10

## C.    Motion for Relief

Next, the Smiths argue that the district court erred in denying their motion for relief from the judgment granting MVH's motion to dismiss. On March 8, 2024,[6] the Smiths filed a motion for relief from the district court's decision denying the motion for partial reconsideration, entered October 2, 2023, and the corresponding judgment entered July 11, 2023. In their motion, the Smiths state they were entitled to relief for "[m]istake, inadvertence, surprise, or excusable neglect, pursuant to Rule 60(b)(1)," "[f]raud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party, pursuant to Rule 60(b)(3)," and/or "[a]ny other reason that justifies relief, pursuant to Rule 60(b)(6)."

First, the Smiths claim that the district court mischaracterized the motion as indicated by the district court's statement that the motion was more accurately viewed "as a motion to reconsider" and that the Smiths' attempts "to seek reconsideration of that previous finding that no concealment of facts occurred is untimely." The Smiths argue that the district court mischaracterized the motion "so that it could deny the motion as untimely under the [motion for reconsideration's] 14-day deadline." We disagree.

While the district court noted that the motion was more accurately viewed as a motion to reconsider, the district court stated that it "addressed the merits as the result would be the same procedurally and substantively." It also fully analyzed the Rule 60(b) factors that were included in the motion. The district court stated that the Smiths filed a "Motion for Relief from Order Denying Reconsideration and Judgment Re: Defendant MVH (Rule 60(b)). This Motion was unaccompanied by a memorandum, but merely cited to Rule 60(b)(1),[](3), and (6), directed the Court to the briefing already done on the previous motions, and requested oral argument." The district court also noted that the motion stated that a brief would be filed in support of the motion but that one was never filed. Instead, the Smiths' arguments were raised for the first time in a reply brief in the district court. Nevertheless, under Rule 60(b) the district court responded to each basis for relief that the Smiths included in the motion.

---

[6]    The motion filed by the Smiths' attorney states that the motion was dated March 7, 2023; however, it was not electronically filed until March 8, 2024. The motion for relief was filed after the notice of appeal.

11

The district court addressed Rule 60(b)(1), which permits relief in the case of "mistake, inadvertence, surprise, or excusable neglect" and held that it could not find excusable neglect and that Mares' affidavit was plain on its face. Further, quoting I.R.C.P. 11(b)(3), the district court noted that, when an attorney files a document, the attorney certifies, "based on 'an inquiry reasonable under the circumstances' that 'the factual contention[s] have evidentiary support.'" The district court stated that the attorney accepting the "facially defective affidavit" did not "warrant any relief under Rule 60(b)(1)."

The district court addressed Rule 60(b)(3) which permits relief for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." The district court held that the Smiths "offered no new evidence supporting a new allegation of fraud or misrepresentation or misconduct" and, as a result, found there was "no fraud or other improper action to justify relief under Rule 60(b)(3)." Finally, the district court stated that the Smiths "failed to provide any argument in support of a Rule 60(b)(6) motion" and the court "would deny it for being unsupported."

Next, the Smiths cite several federal and out-of-state cases to support their preferred standard for reviewing excusable neglect using a four-factor test that includes consideration of "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). However, there is controlling authority in Idaho that defines excusable neglect: "Excusable neglect constitutes conduct which would be expected of a reasonably prudent person under the same circumstances." *Secured Inv. Corp v. Myers Exec. Bldg., LLC*, 162 Idaho 105, 112, 394 P.3d 807, 814 (Ct. App. 2016). A determination under Rule 60(b) turns largely on questions of fact to be determined by the trial court, whose factual findings will be upheld unless they are clearly erroneous. *Idaho State Police ex rel. Russell v. Real Prop. Situated in Cnty. of Cassia*, 144 Idaho 60, 62, 156 P.3d 561, 563 (2007). A court acts within its discretion if it applies those facts in a logical manner to the criteria set forth in I.R.C.P. 60(b), while keeping in mind the policy favoring relief in doubtful cases. *Secured Inv. Corp*, 162 Idaho at 112, 394 P.3d at 814.

12

The Smiths argue that the district court erred in failing to consider the factors in *Pioneer*. The Smiths argue that the district court held the Smiths' attorney to too high of a standard because it used a "'beyond control' standard for good cause" in its analysis of excusable neglect. However, the Smiths fail to include any reference to the district court's analysis showing that it used this "beyond control" standard. The record reflects that the district court did not use that standard and instead reasoned that filing a defective affidavit and identifying its errors were within the attorney's control and were required of him under the Idaho Rules of Professional Conduct.

Finally, the Smiths argue that they have established a claim for excusable neglect. Again, the Smiths argue that defective service on MVH was a mistake by Mares that was "attributed to the Smiths" and that "MVH actively assisted [Mares] in concealing" Mares' affidavit. The Smiths argue that it was not inexcusable to trust the affidavit, and fail to:

> (1) check the calendar and confirm service was accomplished on a weekday; and
> (2) contact Mr. Mares and inquire whether (a) he truly served the summons and complaint on a Sunday; and (b) he lied about personally serving Lee Radford on that date.

However, while the Smiths present argument relating to the analysis of the district court, on appeal the Smiths fail to provide the proper standard of review. This Court has made clear an appellant's brief must articulate the appropriate standard of review because an appellant must address the matters this Court considers when evaluating a claim put forth by an appellant on appeal. *State v. Byrum*, 167 Idaho 735, 739, 476 P.3d 402, 406 (Ct. App. 2020). Failure to articulate or provide analysis relating to the relevant standard of review makes the appellant's argument conclusory, which is fatally deficient to the party's case. *Id*. at 739-40, 476 P.3d at 406-07. Failure to include the correct standard of review on appeal may result in a waiver of claims on appeal. *Id*. at 740, 476 P.3d at 407.

The Smiths do not include a standard of review section, nor do they clearly articulate the applicable standard of review within the analysis. On page thirty-five of their opening brief, the Smiths state:

> [T]he district court's utter "[f]ailure to consider the *Pioneer* factors in circumstances like those here, where counsel's [alleged] 'errors resulted from negligence and carelessness, not from deviousness or willfulness,' constitutes an abuse of discretion." *Kettle Range Conservation Grp. v. U.S. Forest Serv.*, 8 F. App'x 729, 732 (9th Cir. 2001) (citing *Bateman [v. United States Postal Serv.*, 231 F.3d [1220,] 1225 [(2000)].

13

While the Smiths cite to nonbinding authority that reference the abuse of discretion standard, a conclusory statement that does not contend that the district court failed to "perceive the issue as one of discretion, that the district court failed to act within the boundaries of this discretion and consistent with the legal standards applicable to the specific choices available to it or that the district court did not reach its decision by an exercise of reason" is "'fatally deficient' to the party's case." *State v. Kralovec*, 161 Idaho 569, 575 n.2, 388 P.3d 583, 589 n.2 (2017) (quoting *Cummings v. Stephens*, 160 Idaho 847, 853, 380 P.3d 168, 174 (2016). Therefore, the Smiths' argument fails.

However, even if a standard of review was included, the Smiths would still not prevail. The opening brief presents no argument as to how the district court's ruling was an abuse of discretion, or even erroneous. The Smiths only contend that "***they were legally entitled to rely upon the veracity of the affidavit of service***." This Court will not review a claim that is not supported by argument and authority. *Jorgensen v. Coppedge*, 145 Idaho 524, 528, 181 P.3d 450, 454 (2008). For the reasons explained above, the Smiths have failed to show the district court erred in denying their motion for relief.

## D.     Attorney Fees and Costs

MVH requests attorney fees, arguing it is entitled to attorney fees both in the district court and on appeal pursuant to Idaho Code § 12-121. First, MVH is not entitled to attorney fees in the district court because MVH failed to file a cross-appeal. Idaho Appellate Rule 15 governs cross-appeals and provides that, after an appeal has been filed, a timely cross-appeal may be filed from any interlocutory or final judgment or order. A cross-appeal is required if the party is seeking affirmative relief in the form of reversal, vacation, or modification of the judgment or order appealed from. I.A.R. 15(a). A notice of cross-appeal must be filed within the forty-two day time limit prescribed in I.A.R. 14 or within twenty-one days of the original notice of appeal, whichever is later. I.A.R. 15(b). The failure to file a timely notice of cross-appeal is jurisdictional. I.A.R. 21. By seeking reversal of the district court's order denying attorney fees, such a request requires a timely notice of cross-appeal, which MVH failed to file. As such, this Court lacks jurisdiction to consider MVH's claim that the district court erred in denying attorney fees. *See Carr v. Carr*, 116 Idaho 747, 753, 779 P.2d 422, 428 (Ct. App. 1989) (holding that failure to file a timely notice of cross-appeal precludes consideration of issues).

14

The Smiths argue that MVH should not be awarded attorney fees because MVH is not the prevailing party and because some of the claims brought by the Smiths are matters of first impression. However, all of the issues presented by the Smiths are matters that have previously been considered by Idaho courts. The Smiths' opening brief also fails to include controlling law governing the issues presented and the Smiths ask this Court to second-guess, rather than review for error, the findings of the district court. Idaho Code § 12-121 allows the award of attorney fees in a civil action if the appeal merely invites the Court to second-guess the findings of the trial court. *Bach v. Bagley*, 148 Idaho 784, 797, 229 P.3d 1146, 1159 (2010). Idaho Code § 12-121 also permits the prevailing party to be awarded attorney fees and costs when the court "finds that the case was brought, pursued or defended frivolously, unreasonably or without foundation." For the above-stated reasons, this appeal was pursued frivolously, unreasonably, and without foundation. We therefore award MVH attorney fees and costs on appeal.

## IV.

## CONCLUSION

The Smiths failed to show that the district court erred in dismissing the case for failure to accomplish service of process. The Smiths have not shown that the district court erred in denying a second extension of time to effectuate service of process. The district court did not err in denying the Smiths' motion for relief. Accordingly, the district court's judgment summarily dismissing the case is affirmed. Mountain View Hospital is denied attorney fees incurred in the district court because it failed to file a cross-appeal but is granted attorney fees pursuant to I.C. § 12-121 and costs pursuant to I.A.R. 40 on appeal.

Judge HUSKEY and Judge LORELLO, **CONCUR**.